UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 13 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Theodore R. Wilson
3700 North Capitol St. NW, #128
Washington, D. C. 20011-8400
Tel. (202) 291-5968

Vs.                            Civil Ac  CASE NUMBER   1:06CV01585

JUDGE: Henry H. Kennedy

Timothy Cox                              DECK TYPE: Employment Discrimination
Chief Operating Officer
Armed Forces Retirement Home-Washington  DATE STAMP: 09/13/2006
3700 North Capitol St. NW
Washington, D. C. 20011-8400

and

The United States of America
555 4th St. NW
Washington, D. C. 20001

JURY ACTION

COMPLAINT

Introduction

1. This is an action seeking monetary damages for the plaintiff who was fired from his employment in violation of the Age Discrimination in Employment Act of 1967.

Parties

2. The Plaintiff is a 74 year old adult citizen of the District of Columbia who resides at the Armed Forces Retirement Home-Washington located at 3700 North Capitol St. NW, Washington, D. C. 20011-8400.

1

3. The Defendant Timothy Cox is sued in his official capacity as Chief Operating Officer of the Armed Forces Retirement Home-Washington. At all times hereinafter alleged, Mr. Cox was acting under "color of law" and within the scope of his employment of the United States.

4. The Armed Forces Retirement Home-Washington is a subordinate agency of the Defendant United States and is an "employer" within the meaning of the Age Discrimination in Employment Act of 1967.

<u>Jurisdiction and Venue</u>

5. This Action is being filed within ninety days after the plaintiff's notification by the AFRH-W of his right to institute a civil action under Title VII of the Age Discrimination in Employment Act and the Rehabilitation Act.

6. Jurisdiction over the subject matter and parties to this action is conferred upon this court pursuant to 28 U.S.C. 1331 and 28 U.S.C. 2202.

7. Venue is proper in this district pursuant to 28 U.S.C. 1391 and 42 U.S.C. 2000e5(f)3.

<u>Violation of the Age Discrimination Act</u>

8. The Plaintiff was accepted for employment at AFRH-W on or about May 22, 2001, in the status as a Civil Service Security Guard employee. The Plaintiff was a resident of the State of Maryland at the time of the aforementioned employment. The Plaintiff assumed residence at AFRH-W on December 2, 2002, and his employment status changed from Civil Service employee to Resident

employee. The status change did not change the Plaintiff's duties in any way as the Civil Service employees and resident employees performed the same duties.

9. In about July/August 2003, the Plaintiff's supervisor explained to the Resident employees that he had received a letter from the AFRH-W personnel office stating that all Resident employees would be fired in the coming months but that they could come back to work under the stipend program where they would receive $120.00 a month for their first 12 hours of work but that they must donate any other time worked in any given month. These conditions would apply to all Resident employees (and were applied as it happened), even those who were not in the Security Department. All are believed to have been 60 years old or older. The plaintiff was 71 Years old at that time.

10. On November 3, 2003, the Plaintiff was asked to sign a letter of notification that his last day of work would be January 4, 2004.

11. On January 3, 2004, the acting Chief of Security, Kevin McCombs, informed the Plaintiff that the Plaintiff was terminated from his position as of that date. The Plaintiff was the only Security Guard remaining on the Security Force on January 3, 2004, all others had previously resigned.

12. The Plaintiff was terminated from his position because of his age in violation of the Age Discrimination in Employment Act of 1967.

13. As a direct and proximate result of the discriminatory actions against him by

Mr. Timothy Cox and the United States, the Plaintiff has lost and will continue to lose wages and other employment benefits and has experienced great emotional distress, all to his damage in the in the amount of two hundred thousand dollars.

### Prayer for Relief

**Wherefore**, the premise considered, the Plaintiff Theodore R. Wilson respectfully prays this court to;

- ❏ Grant his judgment against the defendant Timothy Cox/Armed Forces Retirement Home-Washington with regards to the allegations of Age Discrimination in Employment contained in this complaint.
- ❏ Restore him to his employment position until such time as he resigns.
- ❏ Award him two hundred thousand dollars in compensatory damages.
- ❏ Award him all pay and benefits he would have received had he worked from January 4, 2004, through the day of judgment.
- ❏ Grant such other relief as the court deems just and proper.

Respectfully Submitted,

*Theodore R. Wilson*
Theodore R. Wilson
Plaintiff-Counsel
3700 North Capitol St. NW, #128
Washington, D. C. 20011-8400
Tel. (202) 291-5968

### Jury Demand

The Plaintiff respectfully demands trial by a jury as to all issues.

*Theodore R. Wilson*
Theodore R. Wilson

4



**ARMED FORCES RETIREMENT HOME-WASHINGTON**
Office of the Chief Operating Officer
3700 North Capitol Street N.W.
Washington, D.C. 20011-8400

AFRH
The Premier
Retirement Community
for America's Veterans

| | |
|---|---|
| THEODORE WILSON )<br>  Complainant )<br> )<br> )<br>v. )<br> )<br>TIMOTHY COX )<br>Chief Operating Officer )<br>Armed Forces Retirement Home )<br>  Agency ) | EEOC No. 100-2005-00349X<br><br>Agency No. AFRH 04-01<br><br>Date:   June 20, 2006 |

## FINAL ORDER

The purpose of this letter is to advise you of the final action taken by the agency with regard to your complaint of discrimination and your appeal rights if you are dissatisfied with this action.

Equal Employment Opportunity Commission (EEOC) regulations require an agency to take final action on a complaint by issuing a final order within forty days of receipt of the hearing file and the Administrative Judge's decision. The final order must inform the complainant whether or not the agency will fully implement the decision of the Administrative Judge. See generally 29 C.F.R. 1614.110.

This final order is consistent with the Findings and Conclusions issued by Kathryn Brown, Administrative Judge, EEOC, dated May 30, 2006. This final order by the agency fully implements the Administrative Judge's decision finding no discrimination on the claimed issue. Under C.F.R. 1614.401(a) a complainant may appeal an agency's final action or dismissal of a complaint.

Pursuant to 29 C.F.R. 1614.110(a), the final order of the agency shall contain notice of the complainant's right to appeal to the EEOC, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits.

06 1585

FILED

SEP 13 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## **RIGHT TO APPEAL**

If you are dissatisfied with the agency's final order, your must appeal to the EEOC's Office of Federal Operations within 30 calendar days of receipt of the final order. The time within which to appeal shall be calculated from the complainant's receipt of the final Order. See 29 C.F.R. 1614.402(a)(b). Any appeal must be filed by mail at the following address:

> Director, Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848
> Washington, DC  20036
>
> Or hand deliver to:
> Equal Employment Opportunity Commission
> Office of Federal Operations
> Federal Sector programs
> 1801 L. Street, N.W.
> Washington, DC  20507
>
> Or send a facsimile to:
> (202) 663-7022

With regard to the filing and the computation of time, the relevant regulation, 29 C.F.R. 1614.604(b)(d), provides:

(b) A document shall be deemed timely if it is received or postmarked before the expiration of the applicable filing period, or, in the absence of a legible postmark, if it is received by mail within five days of the expiration of the applicable filing period.

(d) The first day counted shall be the day after the event from which the time period begins to run and the last day of the period shall be included, unless it falls on a Saturday, Sunday, or federal holiday, in which case the period shall be extended to include the next business day.

If you decide to appeal, you should use the enclosed EEOC Form 573, Notice of Appeal/Petition, and you should indicate what is being appealed. Further, you must furnish a copy of the appeal to the agency at the same time it is filed with the EEOC. In or attached to the appeal to the EEOC, the appellant must certify the date and method by which service was made on the agency. See CFR 29 C.F.R. 1614.403(a)(b). Please furnish a copy of your appeal by mail to:

Armed Forces Retirement Home
Equal Employment Opportunity Office
USSAH Box 303
3700 North Capital Street, N.W.
Washington, DC 20011-8400

Or send a facsimile to:

(202) 730-3781

Any statement or brief on behalf of a complainant in support of the appeal must be submitted to the Office of Federal Operations within 30 days of filing the notice of appeal. The Office of Federal Operations will accept statements or briefs in support of an appeal by facsimile transmittal, provided they are no more than 10 pages long. See 29 C.F.R. 1614.403(d).

Pursuant to 29 C.F.R. 1614.430(f), any statement or brief in opposition to an appeal must be submitted to the EEOC and served on the opposing party within 30 days of receipt of the statement or brief supporting the appeal, or, if no statement of brief supporting the appeal is filed, within 60 days of receipt of the appeal.

## RIGHT TO FILE A CIVIL ACTION

Under C.F.R. 1614.407, a complainant who has filed an individual complaint is authorized under Title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate U.S. District Court:

(a) Within 90 days of receipt of the final agency action if no appeal has been filed:
(b) After 180 days from the date of filing an individual complaint if an appeal has not been filed and final action has not been taken:
(c) Within 90days of receipt of the EEOC's final decision on an appeal; or
(d) After 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC.

If you decide to file a civil action, the appropriate department or agency head must be named as the defendant. Failure to state the NAME AND OFFICIAL TITLE of the person who is the agency head may result in the loss of any judicial redress to which you may be entitled. The head of the Armed Forces Retirement Home is the Chief Operating Officer, Mr. Timothy Cox. Please note that filing a civil action will terminate EEOC processing of an administrative complaint.

If you do not have, or are unable to obtain the services of a lawyer to represent you, you may request the court to appoint one to represent you.

You may also ask that the Court permit you to file the action without payment of costs, fees, or other security. **Granting or denying the request is within the sole**

**discretion of the Court.** Any such request must be made within the above referenced time limits for filing suit, and in such form and manner as the Court may require.

                        Sincerely,

                        TIMOTHY COX
                        Chief Operating Officer

Encl:

EEOC Form 573

cc:

Director
Washington Field Office
U.S. Equal Employment Opportunity Commission
1400 L. Street NW, Suite 200
Washington, DC 2005

Kathryn Brown
Administrative Judge

Anthony Verducci, Esq
Agency Representative