UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| THEODORE R. WILSON,<br>Appellant, | DOCKET NUMBER<br>DC-0752-06-0831-I-1 |
| v. | |
| ARMED FORCES RETIREMENT HOME,<br>Agency. | DATE: January 22, 2007 |

## JURISDICTIONAL FINDINGS; ORDER AND NOTICE OF HEARING AND PREHEARING CONFERENCE

### JURISDICTIONAL FINDINGS

After considering the parties submissions, I find that the Board has jurisdiction over the appellant's appeal under 5 C.F.R. § 351.901 as an appeal of a separation by reduction in force (RIF). I will also consider in the appeal the appellant's associated allegations of age discrimination. Although the appellant's RIF appeal may have been untimely filed, I find that the agency's failure to provide the appellant notice of Board appeal rights in a termination notice or its final decision on his discrimination complaint provides good cause for waiving the time limit for a timely Board appeal. I will more fully explain this decision in my initial decision deciding the appeal.

I also find that the appellant's appeal pursuant to the Veterans Employment Opportunities Act (VEOA) to have been untimely filed with the Department of Labor (DOL). The Board thus lacks jurisdiction over the VEOA appeal because the appellant failed to exhaust his administrative remedy at DOL. I will more fully explain this ruling in my initial decision.



Generally, an agency must prove by preponderant evidence that it conducted a RIF for one of the reasons authorized at 5 C.F.R. § 351.201(a)(2). *Losure v. Interstate Commerce Commission*, 2 M.S.P.R. 195, 201-02 (1980). The agency also must prove by preponderant evidence that the Office of Personnel Management RIF regulations at 5 C.F.R. part 351 were properly applied. *Id.* The Board, though, will not reverse a RIF action when an agency shows that an error in complying with the RIF regulations had no adverse effect on the employee's substantive entitlements. *Foster v. Tennessee Valley Authority*, 87 M.S.P.R. 48, ¶ 10 (2000). The parties should be prepared to address whether the appellant is a "preference-eligible" for RIF purposes under 5 C.F.R. §§ 351.501 or 351.502, as applicable. I will provide a more detailed explanation of the applicable law during the prehearing conference and in its summary.

## HEARING ORDER

The hearing in this appeal will be held:

Date:      **March 21, 2007**

Time:      **09:00 a.m.**

Location:  U.S. Merit Systems Protection Board
           1800 Diagonal Road, Suite 205
           Alexandria, VA 22314-2840

If the appellant fails to appear without good cause, the appeal will be decided without a hearing. If the agency representative fails to appear, the hearing will, absent extraordinary circumstances, proceed as scheduled.

## PREHEARING SUBMISSIONS

I ORDER the agency and the appellant to file the following to be received in this office on or before **February 28, 2007**:

(1) A statement of facts and issues (the appellant must include any and all defenses);

(2) A list of all agreed upon material facts;

(3) A list of witnesses with a brief summary of the expected testimony of each witness; and

(4) A copy of exhibits accompanied by an index identifying the documents. You must separately mark for identification each and every document in the lower right hand corner. The appellant must mark exhibits by letter, the agency by number. Each exhibit exceeding 10 pages in length must be paginated. Documents previously submitted to the Board by either party are already a part of the record and are not to be offered as exhibits. **No binders or notebooks will be accepted.**

NOTE: In presenting evidence at the hearing, you will be limited by your prehearing submissions, except for good cause shown. For example, an unlisted witness will usually not be permitted to testify, and hearing exhibits that were not reviewed during the prehearing conference will usually not be accepted into the record.

## WITNESSES

The agency must provide for the appearance of its employees who are approved as witnesses; thus no subpoenas for them are necessary. If necessary, I will assist you in arranging for the appearance of employees of any other Federal agency. This assistance may include ordering that agency to make the witness available or issuing a subpoena. To be timely, a motion for subpoena must be received in this office on or before **February 28, 2007**. The requesting party is responsible for serving the subpoena and for paying appropriate witness fees.

## PREHEARING CONFERENCE

I will conduct a telephonic prehearing conference on **March 2, 2007**, at **01:30 p.m.** Witness requests and hearing exhibits will be reviewed in detail and the facts and issues of the appeal that will be addressed at the hearing will be discussed. Unless otherwise specified, all discovery efforts will terminate on this

date. The parties must be prepared, as appropriate, to discuss settlement, to define the issues, and to reach stipulations of uncontested facts. The parties must provide me with a telephone number for the conference call within five calendar days of receipt of this order, if a suitable number is not already included in the appeal record.

NOTE: Since I will discuss settlement options during this conference, representatives must have the authority to settle this appeal or be able to reach the person with that authority on short notice. We may include that person in the conference discussions if I deem it necessary.

FOR THE BOARD:

Thomas P. Cook
Administrative Judge

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

### Appellant

U.S. Mail

Theodore R. Wilson
3700 North Capitol St., NW., #128
Washington, DC 20011-8400

### Agency Representative

U.S. Mail

Therese Roy
Armed Forces Retirement Home
c/o Department of the Navy
614 Sicard Street, SE, Suite 100
Washington Navy Yard
Washington, DC 20374-5072

January 22, 2007
(Date)

Clarinda Risher
Legal Assistant