# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE R. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 06-1585 (HHK) |
| | ) |
| TIMOTHY COX, | ) |
| CHIEF OPERATING OFFICER, | ) |
| ARMED FORCES RETIREMENT | ) |
| HOME-WASHINGTON, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants, Timothy Cox, Chief Operating Officer, Armed Forces Retirement Home-Washington, and the United States of America, by and through undersigned counsel, respectfully move this Court to dismiss plaintiff's claim for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(1), 12(b)(6).  In the alternative, defendants move for summary judgment because there is no genuine issue as to any material fact, and the defendants are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

In support of this motion, Defendants respectfully refer the Court to the accompanying memorandum of points and authorities and Statement of Material Facts as to Which There is No Genuine Dispute.  A proposed Order consistent with this Motion is attached hereto.

Plaintiff, who is proceeding pro se, is hereby advised that failure to respond to this motion may result in the district court granting the motion.  See Fox v. Strickland, 837 F.2d 507,

509 (D.C. Cir. 1988).  Plaintiff should also take notice that any factual assertions contained in the

affidavits and other attachments in support of defendants' motion will be accepted by the Court

as true unless the plaintiff submits his own affidavits or other documentary evidence

contradicting the assertions in the defendants' attachments.  See Neal v. Kelly, 963 F.2d 453, 457

(D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Respectfully submitted,


 /s/
JEFFERY A. TAYLOR, D.C. Bar # 498610
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


 /s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE R. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1585 (HHK) |
| ) | |
| TIMOTHY COX, ) | |
| CHIEF OPERATING OFFICER, ) | |
| ARMED FORCES RETIREMENT ) | |
| HOME-WASHINGTON, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

Defendants, Timothy Cox, Chief Operating Officer, Armed Forces Retirement Home-Washington, and the United States of America, submit this Statement of Material Facts As To Which There Is No Genuine Dispute in accordance with Local Rule 7(h).

1. Plaintiff brings this action pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq. ("ADEA"). See Complaint ("Compl.") at ¶ 1.

2. At the time of the filing of the Complaint, Plaintiff was seventy-four (74) years of age. See Compl. at ¶ 2.

3. Plaintiff is a resident of the Armed Forces Retirement Home in Washington, D.C. ("AFRH-Washington" or "Agency"). Id.

4. At the time relevant to the instant Complaint, there was another Armed Forces Retirement Home in Gulfport, Mississippi (AFRH-MS"). See Exhibit A (Hearing Transcript, Theodore R. Wilson v. Armed Forces Retirement Home, MSPB Docket No. DC-0752-06-0831-

I-1) at p. 13; Exhibit D (Affidavit of Timothy Cox, Chief Operation Officer, Armed Service

Retirement Home, dated 1/24/05) at p. 1.

5. On May 21, 2001, Plaintiff was a career conditional security guard at AFRH-

Washington.  Exhibit B (Notification of Personnel Action, effective 5/21/01).

6. On or about December 1, 2001, upon becoming a resident at AFRH-Washington,

Plaintiff became a Resident-Employee security guard in the Resident Employee Program.

Exhibit C (Notification of Personnel Action, effective 1/3/04).

7. In 2003, the Chief Executive Officer of AFRH-Washington determined that the

Resident Employee Program would be abolished.  Id.; Exhibit D; Exhibit A at pp. 11-21.

8. In or about August 2003, Plaintiff was informed that he would be dismissed from his

job as a Resident-Employee security guard.  Exhibit I (Individual Complaint of Discrimination

with the Department of Treasury) at p. 3.

9. On November 4, 2003, all resident employees were informed in writing that the

Resident Employee Program would be abolished.  Exhibit E (Affidavit of Theodore R. Wilson);

Exhibit F (Correspondence from William C. Waninger, Chief, Security & Investigations

Division, Resident Services, Armed Forces Retirement Home-Washington, dated 11/4/03);

Exhibit G (Complainant's Response to Agency's Initial Discovery Request, dated 7/14/05) at p.

2.

10. Instead of using the Resident Employee Program, AFRH-Washington would

implement a Resident Stipend Program in which residents would be paid $120 per month for

their services.  Exhibit D at p. 2; Exhibit A at pp 11-21.

11. The Resident Employee Program, including Plaintiff's position were abolished

2

effective January 4, 2004.  Compl. at ¶ 11.

      12.  On September 13, 2006, Plaintiff filed the instant Complaint.  <u>See</u> Docket Entry No.

1.

                            Respectfully submitted,


                       /s/
                             JEFFREY A. TAYLOR, D.C. Bar # 498610
                       United States Attorney


                       /s/
                       RUDOLPH CONTRERAS, D.C. Bar # 434122
                       Assistant United States Attorney


                       /s/
                       MARIAN L. BORUM, D.C. Bar # 435409
                       Assistant United States Attorney
                       555 Fourth Street, N.W., Civil Division
                       Washington, D.C.  20530
                       (202) 514-6531
                       Counsel for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THEODORE R. WILSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1585 (HHK)** |
| ) | |
| **TIMOTHY COX,** ) | |
| **CHIEF OPERATING OFFICER,** ) | |
| **ARMED FORCES RETIREMENT** ) | |
| **HOME-WASHINGTON, <u>et al</u>.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

## I. <u>FACTS</u>

Plaintiff's Complaint alleges that he was terminated from his position as a Resident

Employee security guard at the Armed Forces Retirement Home in Washington, D.C. ("AFRH-

Washington") because of his age, in violation of the Age Discrimination in Employment Act of

1967 (ADEA), as amended, 29 U.S.C. § 621, <u>et seq</u>.[1] <u>See</u> Complaint ("Compl.") at ¶¶ 1, 8-12.

On May 21, 2001, Plaintiff was a career conditional security guard, in the Competitive

Service, at AFRH-Washington. Exhibit B. On or about December 1, 2001, Plaintiff became a

---

[1]The Armed Forces Retirement Home is an independent establishment in the Executive Branch. The purpose of the AFRH is to provide residences and related services to certain retired and former members of the Armed Forces. 24 U.S.C. § 411. The Home is funded by a Trust which is funded with monthly fees paid by residents, monies received from gifts, monies received from the disposition of property or facilities, monies paid as fines and forfeitures under 10 U.S.C. § 2772, deductions from the pay of servicemen, and interest paid on investments made by the Trust. 24 U.S.C. § 419. <u>See</u> Exhibit K (Initial Decision, Merit Systems Protection Board, Docket No. DC-0351-06-0831-I-1, dated May 11, 2007) at p. 9. The Home operates two homes; one in Washington, DC and one in Gulfport, MS. <u>See</u> Exhibit A at p. 13; Exhibit D at p. 1.

resident of AFRH-Washington.[2]  At that time, Plaintiff also became a member of the Resident-Employee Program and worked as a security guard in the Excepted Service.  Id.; Exhibit H (Notification of Personnel Action, effective 12/1/02).  In 2003, the Chief Executive Officer ("CEO") of AFRH-Washington determined that the Resident Employee Program would be abolished.  Id.; Exhibit D; Exhibit A at pp. 11-21.  This decision was made because of a depletion of the Trust Funds used to operate the AFRHs,[3] and because the CEO wanted to make certain operating programs consistent between AFRH-Washington and AFRH-MS.  Exhibit D. In place of the Resident Employee Program, AFRH-Washington would implement a Resident Stipend Program.[4]  Under this program, Resident Employees were to be paid $120 per month for their services.[5]  Id.

In or about August of 2003, Plaintiff was informed, by his supervisor, that the Resident Employee Program would be abolished, and that he would be eligible for the Resident Stipend Program.  Exhibit I at p. 3.  On November 4, 2003, all resident employees, including Plaintiff, were informed in writing that the Resident Employee Program would be abolished.  Exhibit F. On January 3, 2003, Plaintiff was informed that he was terminated from his position in the

---

[2]Residents of AFRHs pay a fee which is tied to, among other things, a resident's income. 24 U.S.C. § 414.

[3]The Trust Fund had been reduced from $156 million dollars to less than $96 million dollars in less than ten years.  See Exhibit D; Exhibit K at p. 10.  The stipend program was the more cost effective of the Resident Employee Programs in place at the time.  Id.

[4]This program was in operation at AFRH-MS.  Exhibit A at pp. 11-21.

[5]The resident stipend program provided that residents may work a minimum number of hours per month and receive $120.00 per month for their services.  Any additional hours which residents wished to work would be on a voluntary basis.  See Exhibit K at p. 10.

Resident Employee Program.  Compl. at ¶ 11.

Subsequent to his termination, Plaintiff was issued a Standard Form 50 which inaccurately indicated that Plaintiff had resigned from his Resident Employee position.  Exhibit G.  On March 23, 2004, Plaintiff contacted an Equal Employment Opportunity ("EEO") counselor and alleged that his termination was based upon his age.  Exhibit J (EEO Counselor's Report) at p. 1.  On or about June 7, 2004, Plaintiff filed a formal Complaint of Discrimination.  Exhibit I.  The complaint was accepted and investigated in accordance with 29 C.F.R. § 1614.108.  Plaintiff requested a hearing before an administrative judge.[6]

On May 24, 2006, the Administrative Judge issued a Decision finding that AFRH-Washington had not discriminated against Plaintiff.  The Administrative Judge issued an Order Entering Judgment on May 30, 2006.  On June 20, 2006, AFRH-Washington issued a Final Order implementing the Administrative Judge's Decision.

On September 13, 2006, Plaintiff filed the instant Complaint alleging that he was discriminated against based upon his age when he was terminated from his position as a Resident Employee security guard at AFRH-Washington.  See Docket Entry No. 1.

On September 2, 2006, the Plaintiff also filed an appeal with the Merit Systems Protection Board ("MSPB" or "Board") alleging that the AFRH had improperly terminated his employment.  The MSPB determined that it had jurisdiction over the appeal as well as the claim of age discrimination as a mixed case appeal of a separation by reduction in force ("RIF").  Exhibit K at pp. 1-2.  In or about October 2006, Plaintiff also filed a Veterans Employment

---

[6]The Administrative Judge issued an Acknowledgment and Order dated May 27, 2005 that was subsequently amended by her Order of June 29, 2005.  The parties engaged in discovery.

3

Opportunity Act ("VEOA") claim with the Department of Labor ("DOL") alleging a violation of

his veteran's preference. The DOL dismissed this claim as untimely.  See Exhibit L

(Correspondence from Stanley K. Williams, Director of Veterans' Employment & Training

Services, U.S. Department of Labor, dated October 16, 2006).

On March 16, 2007, a hearing was held before the MSPB.  The material issues were:

(1) [w]hether the agency established by a preponderance of the evidence that it
conducted a RIF for one of the reasons authorized in 5 C.F.R. § 351.201(a)(2) [];
(2) whether the agency established, by preponderant evidence that it properly
applied the Office of Personnel Management RIF regulations in 5 C.F.R. part 351
[]; (3) whether an[y] agency errors in failing to comply with applicable RIF
regulations had an adverse effect on [Plaintiff's] substantive entitlements[]; and
(4) whether [Plaintiff] established by a preponderance of the evidence that the
agency committed age discrimination when it terminated his employment.

Exhibit K at p. 4.

At the hearing, the agency stipulated that it had conducted a de facto RIF, and did not

follow appropriate RIF procedures.  Id. at 5.  However, at the time that the RIF occurred, the

AFRH believed that resident employees of AFHR-Washington were not governed by 5. C.F.R. §

351, and did not have the right to appeal such an action to the Board.

On May 11, 2007, the Administrative Judge issued an Initial Decision finding that the

Agency had conducted the RIF for an **authorized** reason in accordance with 5 C.F.R. §

351.201(a)(emphasis added).  Id. at 9.  Although the agency conceded that it had not followed

RIF regulations, the Administrative Judge found that Plaintiff was not harmed by the failure to

follow those regulations.  Id. at 11-12.  The Administrative Judge also found that the Agency had

not discriminated against Plaintiff on the basis of his age when it terminated him from his

position as security guard.  Id. at 15-17.  Finally, the Administrative Judge upheld the DOL's

decision that the VEOA claim was untimely.[7]  See id. at 7-9.

On June 7, 2007, Plaintiff filed a petition for review.  That petition was denied by the full

Board on September 26, 2007.  Exhibit M (Final Order, Merit Systems Protection Board, Docket

No. DC-0351-06-0831-I-1, dated September 26, 2007).

## II. LEGAL STANDARDS

### A. Motions to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "presents a threshold challenge to the

court's jurisdiction."  Gardner v. U.S., No. Civ. A. 96-1467, 1999 WL 164412, *2 (D.D.C. Jan.

29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001) (quoting,

Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987)); see also 4 Wright & Miller:  Federal

Prac. & Proc. § 1350 (R12)(2002 Supplement)(". . . subject matter jurisdiction deals with the

power of the court to hear the plaintiff's claims in the first place, and therefore imposes upon

courts an affirmative obligation to ensure that they are acting within the scope of their

jurisdictional power.")  A court may resolve a motion to dismiss brought pursuant to Rule

12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.

Herbert v. Nat'l Acad. of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to

determine the existence of jurisdiction, a court may look beyond the allegations of the complaint,

consider affidavits and other extrinsic information, and ultimately weigh the conflicting

evidence.  See id.; see also Cureton v. U.S. Marshal Serv., 322 F. Supp.2d 23 (D.D.C. 2004).

---

[7]Pursuant to 5 U.S.C. § 3330(a)(2)(A), a VOEA complaint must be filed with the DOL within 60 days of the alleged violation.  On November 4, 2003, the agency informed Plaintiff, in writing, that it was terminating his position, and his last day of work would be January 3, 2003. Exhibit E and F.  However, Plaintiff did not file a complaint with the DOL regarding his termination until October of 2006.  See Exhibit K at p. 8

"At issue in a factual 12(b)(1) motion is the trial court's jurisdiction - - its very power to hear the case." Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate if it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle [plaintiff] to relief." See Conley v. Gibson, 355 U.S. 41, 45-46, (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). In considering a motion to dismiss under Rule 12(b)(6), the Court must view facts alleged in the complaint in the light most favorable to the plaintiff. Conley, 355 U.S. at 45-46; Nix v. Hoke, 139 F.Supp.2d 125 (D.D.C. 2001), (citing Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001)); see Slaby v. Fairbridge, 3 F.Supp.2d 22, 27 (D.D.C. 1998). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055, 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing Nat'l Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Comm. Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

### B. Motion for Summary Judgment

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

6

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find he is entitled to relief. In Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986), the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.

In Anderson the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff.

Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III.  ARGUMENT

#### A.  Plaintiff Failed to Exhaust His Administrative Remedies.

The ADEA requires aggrieved parties to exhaust their administrative remedies before

filing suit in federal court.  Schuler v. Pricewaterhouse Coopers, LLP, 457 F.Supp.2d 1, 4

(D.D.C. 2006); 29 U.S.C.A. § 626(d).  See Washington v. Wash. Metro. Area Transit Auth., 160

F.3d 750, 752 (D.C.Cir.1998).  Failure to do so bars the initiation of a civil action as to that

claim.  Irwin v. Veterans Admin., 498 U.S. 89 (1990).  As the Supreme Court stated in United

Air Lines, Inc. v. Evans,

> [a] discriminatory act which is not made the basis for a timely charge is the legal
> equivalent of a discriminatory act which occurred before the statute was passed.  It
> may constitute relevant background evidence ... but separately considered, it is
> merely an unfortunate event in history which has no present legal consequences.

431 U.S. 553, 558 (1977).  Therefore, a plaintiff who fails to comply, to the letter, with

administrative deadlines ordinarily will be denied a judicial audience.  Brown v. Marsh, 777 F.2d

8, 13  (D.C. Cir. 1985).  See Kizas v. Webster, 707 F.2d 524, 544-45 (D.C. Cir. 1983), cert.

denied, 464 U.S. 1042 (1984);  Williamson v. Shalala, 992 F. Supp. 454, 457 (D.D.C. 1998)

("non-compliance with administrative deadlines will bar a plaintiff from litigating his claims in

court").

Exhaustion of administrative remedies as a prerequisite to judicial relief stems from the

long-recognized principle that conciliation and internal agency resolution, rather than litigation,

are the objectives of the civil rights statutes.  See Bayer v. U.S. Dep't of Treasury, 956 F.2d. 330,

332 (D.C. Cir. 1992); Seigel v. Kreps, 654 F.2d 773, 776-77 (D.C. Cir. 1981).  The exhaustion

requirement provides the agency with prompt notice of the claim of discrimination and an

opportunity to rectify any wrong through the conciliation process or through administrative relief.

Sampson v. Civiletti, 632 F.2d 860, 862-63 (10th Cir. 1980); see also Brown v. Gen. Serv.

Admin., 425 U.S. at 833-35.

The applicable federal sector EEO regulations require that each complainant bring his or her claim of discrimination to the attention of an EEO counselor within 45 days of the allegedly discriminatory action:

> Aggrieved persons who believe that they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult with a Counselor prior to filing a complaint in order to try to informally resolve the matter.

29 C.F.R. § 1614.105(a).  In addition,

> An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

29 C.F.R. § 1614.105(a)(1).  See Park v. Howard Univ, 71 F.3d 904, 905 (D.D.C. 1995), cert. denied, 519 U.S. 811 (1996)(plaintiff must first exhaust administrative remedies by contacting an EEO counselor within 45 days of the alleged discriminatory events and subsequently filing an administrative complaint).  Failure to contact an EEO counselor within 45 days of the relevant event or action results in a failure properly to exhaust administrative remedies and is grounds for dismissal.  See Wilkins v. Daley, 49 F. Supp. 2d 1, 2 (D.D.C. 1999); Williamson v. Shalala, 992 F. Supp. 454, 457-58 (D.D.C. 1998); Saltz v. Lehman, 672 F.2d 207 (D.C. Cir. 1982); Grier v. Sec'y of Army, 799 F.2d 724 (11th Cir. 1986); see also Brown v. Gen. Serv. Admin., 425 U.S. 820, 833 (1976).  The 45-day limitations period is triggered when a "complainant should reasonably suspect discrimination, but before all the facts that would support a charge of discrimination have become apparent."  Lockamy v. Truesdale, 182 F.Supp.2d 26, 31 (D.D.C. 2001) (citing 29 C.F.R. § 1614.105(b)).  A federal court need not consider a complaint brought outside the 45-day period, even if the agency itself accepted and investigated the untimely claim.

9

See, e.g. Duvall v. United States Postal Serv., 585 F.Supp. 1374, 1376 (D.D.C. 1984), aff'd 774 F.2d 510 (D.C. Cir. 1985); Stockton v. Harris, 434 F.Supp. 276, 280 (D.D.C.1977); Oaxaca v. Roscoe, 641 F.2d 386, 390 (5th Cir. 1981).

　　　In or about August of 2003, Plaintiff was informed, by his supervisor, that the Resident Employee Program would be terminated, and he would be eligible for the Resident Stipend Program.  Exhibit I at p. 3.  On November 4, 2003, Plaintiff was so informed in writing.  Exhibit F.  However, Plaintiff did not contact an EEO counselor until March 23, 2004, seven months after he was informed by his supervisor, and three months after he was informed in writing, of the termination of his position.  Therefore, Plaintiff's contact with the EEO Office was not within 45 days of the alleged discriminatory act.  Moreover, the effective date of Plaintiff's termination was January 4, 2004, and Plaintiff did not contact the EEO counselor until March 23, 2004.  This was more than 45 days after the effective date of the personnel action.  Therefore, this Court need not consider Plaintiff's complaint.

　　　Plaintiff states that his action was commenced within 90 days after notification, in the Agency Final Decision implementing the Administrative Judge's Order, that he was entitled to institute a civil action.  Compl. at ¶ 5.  After the hearing before the MSPB, pursuant to 5 C.F.R. § 1201.24, Plaintiff was informed that he was entitled to institute a civil action.  42 U.S.C. § 2000e-5.  However, Plaintiff did not contact the EEO Office within 45 days of his being notified that the Resident Employee Program, and his position, were being terminated.  Therefore, he did not comply with the applicable statutory requirements.  While Plaintiff's complaint was investigated, this Circuit has determined that a federal court need not consider a complaint brought outside of the 45-day period, even if the agency accepted and investigated the claim.

Duvall, 585 F.Supp. at 1376, aff'd, 774 F.3d 510 (D.C. Cir. 1985).

### B. **Plaintiff Cannot Establish a Prima Facie Case of Discrimination Based Upon Age**

Plaintiff claims that he was "terminated from his position because of his age in violation

of the ADEA.  Compl. at ¶ 12.  The ADEA provides, in relevant part, that:

> [all] personnel actions affecting employees or applicants for employment who are
> at least 40 years of age ... in executive agencies ... shall be made free from any
> discrimination based on age.

Under the test established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802

(1973), to establish discrimination based upon age, a plaintiff must first show a prima facie case

of disparate treatment on the basis of his age.  To establish a prima facie case of discrimination,

plaintiff must show that: (1) he belonged to a statutorily-protected group; (2) he suffered an

"adverse employment action;" (3) under circumstances giving rise to an inference of

discrimination.  See Stella v. Mineta, 284 F.3d 135, 145 (D.C. Cir. 2002) (citing Brown v. Brody

199 F.3d 446, 452 (D.C. Cir. 1999); Forman v. Small, 271 F.3d 285, 292 (D.C. Cir.  2001); May

v. Shuttle, Inc., 129 F.3d 165, 172 (D.C. Cir. 1997), cert. denied, 524 U.S. 927 (1998); Harding

v. Gray, 9 F.3d 150, 152 (D.C. Cir. 1993); Wren v. Gould, 808 F.2d 493, 500 (D.C. Cir. 1987).

If plaintiff succeeds in establishing a prima facie case, the burden shifts to the agency to

articulate a legitimate, non-discriminatory reason for its actions.  Texas Dep't of Cmty. Affairs v.

Burdine, 450 U.S. 248, 253 (1981); McDonnell Douglas, 411 U.S. at 802 (holding that burden

shifts to defendant to articulate legitimate, nondiscriminatory reasons for its challenged actions,

once plaintiff makes out a prima facie case of discrimination).  See Burdine, 450 U.S. at 252-53;

Harding v. Gray, 9 F.3d 150, 152 (D.C. Cir. 1993); Bd. of Trustees of Keene State Coll. v.

11

Sweeney, 439 U.S. 29 (1978); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993).  The

Agency's explanation of its legitimate reasons must be "clear and reasonably specific" so that the

plaintiff is "afforded a full and fair opportunity to demonstrate pretext."  Burdine, 450 U.S. at

258.

 "[I]n producing nondiscriminatory reasons for its challenged action, the employer is not

obligated to support these reasons with objective evidence sufficient to satisfy the preponderance

of the evidence standard."  Aka v. Washington Hosp. Ctr., 156 F.3d 1284, 1288 (D.C. Cir. 1998).

The ultimate burden of proving intentional discrimination always rests with the plaintiff.  Fuentes

v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994); accord St. Mary's Honor Ctr., 509 U.S. at 511

(1993) (holding that a complainant "at all times bears the ultimate burden of persuasion")

(internal quotation marks and citations omitted).  Thus, the defendant's burden is satisfied if it

simply explains what it has done or produces evidence of legitimate, nondiscriminatory reasons.

St. Mary's Honor Ctr. , 509 U.S. at 502.  A "subjective reason can be legally sufficient,

legitimate and nondiscriminatory if the [agency] articulates a clear and reasonably specific

factual basis" for its subjective opinion.  Bowdre v. Richardson, 131 F.Supp.2d 179, 188 (D.D.C.

2001).

Notably, a defendant is not required to prove that the Agency made the wisest choice, but

only that the reasons for the decision were non-discriminatory.  See Davis v. State Univ. of New

York, 802 F.2d 638, 641 (2d Cir. 1986)(citing Burdine, 450 U.S. at 258-59).  Employers have

broad discretion to set policies and carry out personnel decisions, and the District of Columbia

Circuit has emphasized that a court "may not 'second-guess' an employer's personnel decision

absent demonstrably discriminatory motive."  Fishbach v. District of Columbia Dep't of

12

Corrections, 86 F.3d 1180, 1183 (D.C. Cir. 1996).  See McPherson v. Dep't of Water Resources, 734 F.2d 1103 (5th Cir. 1984)("We do not sit to revise employment decisions taken hastily or for insufficient reasons, only those taken for illegal ones."); see also, Marshall v. Fed. Express Corp.,130 F.2d 1095, 1100 (D.C. Cir. 1997); Mungin v. Katten Muchin & Zavis, 116 F.3d 1549, 1556 (D.C. Cir. 1997).  The Supreme Court has stated, "[c]ourts are generally less competent than employers to restructure business practices and unless mandated to do so by Congress they should not attempt it."  Furnco Construction Corp. v. Waters, 438 U.S. 567, 578 (1978).  In a discrimination claim it is the employer's motivation and intent which is at issue, not his business judgment.  Wrenn v. Gould, 808 F.2d 493, 502 (6th Cir. 1987).

Once the agency has articulated a legitimate, non-discriminatory reason for its actions, the prima facie inference of discrimination drops from the case.  St. Mary's Honor Ctr., 509 U.S. at 510-11; Burdine, 450 U.S. at 255.  Plaintiff then must prove that the agency's proffered reason was not the true reason for its actions and was only a pretext for unlawful discrimination. Burdine, 450 U.S. at 253; McDonnell Douglas, 411 U.S. at 804; see also St. Mary's Honor Ctr., 509 U.S. at 507-08; Aka, 156 F.3d at 1288. The burden of persuasion that discrimination motivated the agency's actions remains at all times with the plaintiff.  St. Mary's Honor Ctr., 509 U.S. at 507; Burdine, 450 U.S. at 253; Aka, 156 F.3d at 1289.  Put simply, plaintiff must show that, but for his age, the adverse action of which he complains would not have occurred. See Ware v. Howard Univ., Inc., 816 F. Supp. 737, 750 (D.D.C. 1993).  Thus, even if the plaintiff establishes a prima facie case, summary judgment is still available to the defendant if it sufficiently articulates a nondiscriminatory reason for the challenged action, and the plaintiff fails to present objective evidence that undermines the defendant's proffered explanation for its

13

actions.  See Aka, 156 F.3d at 1289.  Merely casting doubt on an employer's stated reason for its employment decision is insufficient to establish pretext.  Id.; see Kariotis v. Navistar Int'l Transp. Corp., 131 F.3d 672, 677 (7th Cir.1997) ("[A] reason honestly described but poorly founded is not a pretext as that term is used in the law of discrimination.")(quotations and citations omitted); Reeves, 530 U.S. at 147("It is not enough ... to disbelieve the employer; the fact finder must believe the plaintiff's explanation of intentional discrimination.").

The Resident Employee Program was abolished for all Resident Employees of the Armed Forces Retirement Home in Washington, D.C.  Therefore, Plaintiff cannot establish that he suffered an adverse employment action under circumstances giving rise to an inference of discrimination.  See Stella, 284 F.3d at 145.  However, even if Plaintiff could establish a prima facie case of discrimination, the Agency had legitimate non-discriminatory reasons for terminating Plaintiff, and Plaintiff cannot prove that the agency's preferred reason was a pretext for unlawful discrimination.  Burdine, 450 U.S. at 253; McDonnell Douglas, 411 U.S. at 804; see also St. Mary's Honor Ctr., 509 U.S. at 507-08; Aka, 156 F.3d at 1288.

In light of the poor financial position of the Trust Fund, defendants made a business decision that the AFRH should abolish the Resident Employee Program and implement a Stipend Program.  In addition, because AFRH-Washington and AFRH-MS were operating under different systems, defendants further determined that the same system should be adopted for both sites.  Because the stipend program was more cost effective, it was determined that the stipend program would be used at both sites.  Exhibit A at pp. 11-23.

There is simply no evidence to suggest that the Resident Employee program was replaced

14

by one that favored younger employees.[8]  Therefore, Plaintiff has failed to adduce any evidence

of pretext in connection with the abolishment of the Resident Employee Program and, hence, his

position.  He merely relies on his unfounded personal beliefs and suppositions [which are] legally

insufficient to establish pretext."  Rozkowiak v. Baxter Healthcare Corp., 1998 WL 422284, *5

(N.D. Ill. July 22, 1998) (citing Kizer v. Childrens' Learning Ctr.,962 F.2d 608, 613 (7th Cir.

1992).  See Saunders v. DiMario, No. 97-1002, 1998 WL 525798, at *4 (D.D.C. Aug. 14, 1998),

aff'd, 194 F.3d 175 (D.C. Cir.1999) ("Plaintiff has otherwise offered the type of self-serving

allegations that are simply insufficient to establish pretext."); Kariotis, 131 F.3d at 677(("rebuttal

[of an employer's proffered reason for its action] must include facts tending to show that the

employer's reasons for some negative job action are false, thereby implying (if not actually

showing) that the real reason is illegal discrimination."))  Therefore,  Defendant is entitled to a

grant of summary judgment on this claim.  See Fed. R. Civ. P. 56(c).

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's claim of discrimination based upon age should be

dismissed because plaintiff failed to exhaust his administrative remedies and failed to state a

claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(1), 12(b)(6).  In the

alternative, summary judgment should be granted on plaintiff's claim because no genuine issue

of material fact exists, and defendants are entitled to judgment as a matter of law.

---

[8]Indeed, the Chief of Resident Services at AFRH-Washington testified before the MSPB that the age of the guard force at the AFRH ranges from 25 to 70 years old.  Exhibit A at pp. 60, 70.  The Acting Chief of Security at AFRH-Washington testified that he was 69 years old.  Id. at 73, 77.  He stated, "I retired and I was asked to come back and give them a hand."  Id. at 73.

15

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 514-6531
Attorneys for Defendant


Of Counsel:
Therese Roy
Attorney Advisor
Department of the Navy
1301 South Gate Road
Arlington, Virginia  22203

16

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2007, I caused the foregoing to be

served first class mail, postage prepaid, to plaintiff *pro se* as follows:

Theodore R. Wilson
3700 North Capitol Street, N.W., #128
Washington, D.C.  20011-8400

/s/
MARIAN L. BORUM, D.C. Bar #435409
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THEODORE R. WILSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1585 (HHK)** |
| ) | |
| **TIMOTHY COX,** ) | |
| **CHIEF OPERATING OFFICER,** ) | |
| **ARMED FORCES RETIREMENT** ) | |
| **HOME-WASHINGTON, <u>et al</u>.** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Upon consideration of Defendants' Motion to Dismiss or, in the Alternative, for

Summary Judgment, Plaintiff's Opposition, and the entire record herein, it is this _____ day

of _____, 2007,

ORDERED that Defendants' Motion to Dismiss be and is hereby GRANTED; and it is

FURTHER ORDERED that the above-captioned action be and is hereby DISMISSED

with prejudice.

_____
United States District Judge

Copies to:
Marian L. Borum
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, DC  20530

Theodore R. Wilson
3700 North Capitol Street, N.W., #128
Washington, D.C.  20011-8400

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THEODORE R. WILSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1585 (HHK)** |
| ) | |
| **TIMOTHY COX,** ) | |
| **CHIEF OPERATING OFFICER,** ) | |
| **ARMED FORCES RETIREMENT** ) | |
| **HOME-WASHINGTON, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Upon consideration of Defendants' Motion to Dismiss, or in the Alternative, for

Summary Judgment, Plaintiff's Opposition, and the entire record herein, it is this _____ day

of _____, 2007,

ORDERED that Defendants' Motion for Summary Judgment be and is hereby

GRANTED.

_____
United States District Judge

Copies to:
Marian L. Borum
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, DC  20530

Theodore R. Wilson
3700 North Capitol Street, N.W., #128
Washington, D.C.  20011-8400