# Theodore R. Wilson

## v.

# Timothy Cox, Chief Operating Officer, Armed Forces Retirement Home -Washington et al., Civil Action No. 06-1585 (HHK)

# Exhibit E

```
*******************************
                              *
THEODORE R. WILSON            *
     Complainant              *
         vs.                  *         AFRH-04-01
                              *
ARMED FORCES                  *
RETIREMENT HOME               *
     Defendant                *
*******************************
```

# AFFIDAVIT OF THEODORE R. WILSON

The accepted issue in this case is as follows:

> On the basis of age (DOB: May 1, 1932) you, the Complainant was terminated from your position of Security Guard 03578-1207-01 at the Armed Forces Retirement Home on January 4, 2004.

Q: What is your age?

A: I am 72 years old. (DOB.

Q: When did your employment with the Armed Forces Retirement Home begin?

A: I was hired as a Security Guard in a civil service position on May 22, 2001. At the time I was not living at the Armed Forces Retirement Home. In December of 2002, I moved into the AFRH. Since residents cannot hold civil service positions, I became what is referred to as a "resident employee" in the same job of Security Guard located at the gate of the Armed Forces Retirement Home.

Q: When were you notified that you were going to be terminated from your position?

A: On November 4, 2003 I was asked to sign a letter from the Chief, William Waninger. The letter stated that I would be terminated on January 4, 2004 because of the reorganization of the Resident Services Directorate.

Q: Did you receive any other communication regarding your termination?

A: It wasn't until February 2004 that Personnel sent me a copy of the Notification of Personnel Action, SF-50 which inaccurately stated I had resigned from my job. In May of 2004, the SF-50 was corrected to show that I had been terminated.

10

65

Q. Were other positions effected by the reorganization?

A. All residents who were employees were terminated. By the time I was terminated the other Security Guards who were residents had resigned. I [McCombs] was informed that there was a stipend program where you work for 12 hours and get paid a maximum of $120 per month and then any hours over that, you work for free. Sgt. [McCombs] called me and asked me to come down and open up the gate at 6:00 am under the stipend program. There are a couple of residents [who were] working more than 12 hours and only getting paid $120 a month. Presently there are a number of $120.00 stipend workers but I do not know their hours.

Q. What is your understanding of how the Security Guard positions at the gate of the Armed Forces Retirement Home are now being filled?

A. Some of the jobs are being filled by Civil Service employees and some are filled by a private company on a contract basis.

Q: Why do you believe you were terminated from your position of Security Guard?

A: I believe that it was discrimination based on my age that I was terminated from my job. There are still Security Guards wearing the same uniform I wore at the gate of the Armed Forces Retirement Home. In a town meeting with the residents, the Chief Operating Officer, Tim Cox, said that you come here to retire and not to work. I believe that Mr. Cox should not be able to decide whether or not I can work. His statement supports my complaint that I was terminated from my position of Security Guard because of my age. Mr. Cox is the person making the decisions.

Q: What relief are you seeking?

A: I want my job back, with back pay and benefits.

Q: Do you have anything further to add?

A: No.

66

## CERTIFICATION

I, Theodore R. Wilson, have read the above transcribed verbatim statement, consisting of 2 pages, it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

> Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000.00 or imprisoned not more than 5 years, or both.

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; and Executive Order 11478 as amended. This information will be used to adjudicate complaints of alleged discrimination. As a routine use, this information may be disclosed to persons involved in the processing and/or adjudication of this complaint; to the Equal Employment Opportunity Commission or to the Merit Systems Protection Board, as appropriate, to adjudicate complaints of alleged discrimination; to a court, party or counsel for a party in judicial or administrative litigation; to a congressional office at your request; to a labor organization as may be required by the NLRA. Provision of the information requested is mandatory for the complainant, GPO employees and other federal employee witnesses. Failure of the GPO or other federal employees to provide the requested information could result in disciplinary action.

I declare under penalty of perjury that the foregoing is true and correct.

*Theodore R. Wilson*
Theodore R. Wilson

Dated: 26 JAN 2005

Affirmation by: *[signature]*

67