UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THEODORE R. WILSON,                      Civil Action No.06-1585 (HHK)
3700 North Capitol St. NW #128
Washington, D. C. 20011-8400
Tel. (202) 291-5968
                    Plaintiff,


            v


TIMOTHY COX,                             Date: *November 13, 2007*
Chief Operating Office
Armed Forces Retirement Home-Washington
3700 North Capitol St. NW
Washington, D. C. 20011-8400

            And

The United States of America
555 4th St. NW
Washington, D. C. 20001
                    Defendant.


## PLAINTIFF'S REQUEST TO AMEND COMPLAINT

1.  The plaintiff respectfully requests to amend his complaint to include, not only

violation of the Age Discrimination in Employment Act of 1967 but several additional

violations of United States Codes and Regulations by the Agency concerning the

Plaintiff's removal from employment at the Armed Forces Retirement Home-

Washington (AFRH-W).


## INTRODUCTION

2.  This complaint arises from an administrative act which occurred at AFRH-W in which

the Chief Operating Officer at AFRH-W removed all resident employees from their

RECEIVED
DEC - 3 2007
NCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

employment positions. The Plaintiff was unique among those residents removed from their positions in that he had transferred into the resident employee position from a civil service position and had continued to serve in the same capacity under both employment designations—that is **civil service employee** and **resident employee**. The Plaintiff is also unique in that he is thought to be the only resident employee who choose to protest his firing from employment at AFRH-W regarding all resident employees being fired toward the end of 2003 and the beginning of 2004.

## JURISDICTION and VENUE

3. This action is being filed to supplement a previously filed civil action under Title VII of the Age Discrimination in Employment Act and the Rehabilitation Act.

4. Jurisdiction over the subject matter and parties to this action is conferred upon this court pursuant to 5 U.S.C 7703, 28 U.S.C. 1331 and 28 U.S.C. 2202.

5. Venue is proper in this district pursuant to 28 U.S.C. 1391 and 42 U.S.C. 2000e5(f)3.

## PARTIES

6. The Plaintiff is a 75 year old adult citizen of the District of Columbia who resides at the Armed Forces Retirement Home-Washington located at 3700 North Capitol Street, Washington, D. C. 20011-8400.

7. The Defendant, Timothy Cox, is sued in his official capacity as Chief Operating Officer of the Armed Forces Retirement Home-Washington. At all times hereinafter alleged, Mr. Cox was acting under "color of law" and within the scope of his employment

by the United States.

8. The Armed Forces Retirement Home-Washington is a subordinate agency of the Defendant United States and is an "employer" within the meaning of the Age Discrimination in Employment Act of 1967.

## BACKGROUND

9. The Plaintiff started employment at AFRH-W in May 2001 in a civil service status as a security guard while maintaining a residence in suburban Maryland. In December 2002, the Plaintiff moved to AFRH-W and while remaining on the same security shift doing the same job on the security force, his employment status was changed to resident employee and his position was changed from the competitive service to the excepted service. A document was signed by the complainant stating that his position was being changed to the excepted service but the plaintiff had no knowledge of the difference to these two terms and the Agency offered no explanation.

## FACTS

10. In the summer of 2003 in about July/August, the Agency caused a letter to be read to the Plaintiff and other resident security guards stating that they would be removed from employment in the coming months. The resident security guards were also notified that they could volunteer to continue working in a stipend program where they would be paid for the first 12 hours of work per month but would donate to AFRH-W any other time that they worked each month (during discovery in EEO proceedings, the Agency claimed not to have copies of this official notice).

11. On November 4, 2003, the Agency required the plaintiff to sign a letter of notification stating that his last day of employment would be January 4, 2004. The letter further stated that the Plaintiff's job was being abolished because of a reorganization.

12. On January 4, 2004, the Plaintiff was advised by the acting Chief of Security and Investigations Division not to return to work the following day because January 3, 2004 was his last day of work. The Plaintiff complied.

13. After firing the Plaintiff from employment, the Agency failed to provide any exit briefing and failed to advise the Plaintiff that he had any rights to protest his firing which it had a legal obligation to do. The Agency failed to provide any documentation to the plaintiff regarding his firing for more than 30 days after the Plaintiff had been fired. The one official contact that the Plaintiff had with any member of the Agency's personnel department during those 30-plus days was when he contacted the person concerned with retirement where he signed a document concerning withdrawing money from the employee retirement fund. The Agency has alleged that the aforementioned letter somehow removed the Plaintiff from the Competitive service. When that letter was signed, the Plaintiff had no knowledge of a competitive service as opposed to an excepted service. Consequently, the Plaintiff believed that precedents argued in Chavies, Vincent N. v. Department of the Navy should apply in this case:

> ...If the employee did not know of the right he was waiving, or if the waiver did not reflect an "intentional relinquishment of" those rights, the waiver is not effective and cannot be enforced. See **Brewer v. Williams, 430 U. S. 387,404 (1977)** Waiver of an employee's right...requires both comprehension

and relinquishment, **Johnson v. Zerbst, 304 U. S. 458,464 (1938)** ("A waiver is ordinarily an intentional relinquish or abandonment of a known right or privilege") Roberson v. Veterans Administration, 32 m.s.p.r. 173,176, (1987).

5 U.S.C. 3301 3.1 makes no provisions for an employee to sign away his or her competitive status. For that reason, the precedents above and other factors, the Plaintiff should have retained his statue as a competitive service employee with all the attendant rights and privileges including R-I-F privileges.

14.  Several days after February 2, 2004, an envelope was posted on the Plaintiff's door. The envelope contained a SF 50 stating that the Plaintiff had resigned his position of employment at AFRH-W. Always intending to lodge an official complaint, the Plaintiff, quite unaware of proper authorities with which to lodge a complaint, attempted to obtain legal representation and later to lodge a complaint with the Office of Personnel Management.

15.  .After attempting to complain to several government agencies, the Plaintiff was referred back to AFRH-W. The complainant spoke with a Ms. Nancy Duran, believed to be the on site Equal Employment Opportunity (EEO) representative. Ms. Duran advised the Plaintiff that the proper authority to complain to was the AFRH-W EEO office which was located with the Bureau of the Public Debt, 200 3rd St. EEO Office Rm 415. Parkersburg, WV 26101. The complainant (unknowing of the informality) made an informal complaint with that office. Ms. Patty I. Adams (Ph. {304} 480-6838)  was the EEO officer accepting the complaint in that office and attempted to resolve the EEO complaint informally. She failed and the Plaintiff filed a formal EEO complaint with that same office which was handled by a Ms. Cheryl Adams.

16. The EEO formal complaint ended without resolution and EEO Administrative Judge Katherine Brown ruled that the Agency could dismiss the complaint which it did in about June 2006.

17. On August 29, 2006, the Plaintiff was being assisted by an attorney preparing this civil case. On recommendation of that Attorney the Plaintiff posted a letter on September 2nd to the Merit Systems Protection Board (MSPB), an organization, which the Plaintiff had never heard of, to his knowledge, before that time. On September 20, 2006, the Plaintiff received a letter from an Administrative Judge stating that the MSPB would hear the Plaintiff's case provided that the Plaintiff could provide certain justifications.

18. Administrative Judge Thomas Cook conducted a hearing on about March 16, 2007 with the Plaintiff representing himself pro se. Administrative Judge Cook decided against the Plaintiff in his decision.

19. Plaintiff appealed Administrative Judge Cook's decision to the MSPB on July 26, 2007 and received notification on September 30, 2007—in a document dated September 26, 2007-- that the MSPB had decided to let Administrative Judge Cook's ruling stand.

## ADDITIONAL FACTS

20. Official statements provided during the EEO process by the AFRH-W Chief Operating Officer, Director of Personnel and one other senior personnel official have been false.

21. Three false statements provided by the Chief Operating Officer are (1) that the Plaintiff was a gate guard, (2) that the Plaintiff was replaced in his position with a contract guard, (3) that older residents were sleeping on duty and not doing their jobs and that the plaintiff was riffed from his position of employment at AFRH-W.
A false statement made by the Director of Personnel was that he did not have any firsthand information about how the Plaintiff Lost his job. A false official statement made by the other senior personnel official was that the decision to eliminate the residents employment position was made at one level in the chain of command when she, herself, had had issued a document indication that the decision was made at a higher level in the chain of command.

22. The Chief Operating Officer stated that his decision to remove all residents from full time employment was a business decision. The Chief Operation Officer stated, "The resident employee program was costing us one million dollars a year." That statement

is in sharp contrast to information provide to OPM in a letter dated March, 24, 1989, by a personnel officer at AFRH-W, Joan R. Esch, which stated that the resident employee program was saving AFRH-W "500K per annum." The Agency has never produced figures nor any other evidence to support the alleged savings. The Agency's introduction of the aforementioned stipend program is only "more economically favorable" if residents can be put into positions where they are forced to donate their labor which the Agency intended when the stipend program was introduced at AFRH-W. If residents do not readily volunteer their time in the stipend program, AFRH-W officials approach them and ask them to volunteer more time. This egregious system has nothing to recommend it. It both abuse and insult the military veterans upon whom it is perpetrated.

## AFRH-W POSTED EEO POLICIES

23. AFRH-W has posted several EEO policies between January 2004 and October 2007. An existing EEO policy dated January 8, 2003, was posted when the Plaintiff filed his complaint in January 2004 which was signed by Col. Arnold Smith. In April 2004, Capt. Gerald Ulmer Jr. Posted a signed EEO policy dated April 16, 2004, that was identical to Col. Smith's except for the signature and signature block. In May 2005, a EEO policy signed by Mr. Timothy Cox was posted in select locations throughout AFRH-W. On March 11, 2006, the Plaintiff discovered two EEO policies in obscure places at AFRH-W that were signed by Mr. Cox. These two EEO policies were dated May 30, 2003, and located in obscure places where they were unlikely to be seen. The Plaintiff had toured public areas of AFRH-W numerous times specifically looking for EEO policies but had never seen one signed by Mr. Cox before May 2005.

24. Posted AFRH-W EEO policies are a deception since the Agency has failed to comply

with the policy's provisions. Among that which the AFRH-W EEO policy dictates is:

--Everyone...has the right to work in an environment where there is

opportunity for them to reach their full potential.

--Prompt resolution (of problems) at the lowest level.

--Complaints will be quickly and thoroughly investigated.

The Agency had a lawful obligation to obey all provisions of its multi-issued EEO policy.

"It is well settled that an agency is bound by the regulations it has promulgated even

though absent such regulations the agency could have exercised its authority to take the

same actions on another basis, and that the agency must abide by its regulations as written

until such it rescinds or amends them. United States v. Nixon, 418 U.S. 683,

## AGENCY'S AUTHORITY

25. 24 U.S.C. gives the Agency the authority to employ residents in the excepted service.

However 5 U.S.C. 3301 6 requires the Agency to, annually, request authority from OPM

to employ residents in the excepted service and for OPM to publish that authority in the

Federal Register. The Agency has stated that the needed authority was published in 2006.

The Agency, however, has never shown a shred of evidence or documentation that it that

it complied with this requirement during the years that the Plaintiff was employed at

AFRH-W.  If the Agency does not show that it had the authority in the years during which

the Plaintiff was employed, the Plaintiff requests the court to ignore the Agency's

allegations due to the Agency having provided so many other false statements. It is not

disputed here that the Agency had authority to employ the AFRH residents in the

excepted service. The issue is whether or not the Agency actually did lawfully place the

AFRH full-time residents into the excepted service or failed to do so. If it failed to do so,

the residents should have maintained the rights of competitive service employees.

Consequently the Agency removed all full-time resident employees from employment unlawfully and should be held liable for its action to all affected employees. None of the aforementioned commentary is meant to accept that the Plaintiff was in the same category as all other residents. Having been a competitive service employee in the same position, the Plaintiff should have remained in the competitive service pursuant to 5 U.S.C. 3301, Civil Service Rules, cited above.

## LAWS VIOLATED

24. The Plaintiff alleges that, in addition of the Age Discrimination in Employment Act
    of 1967. the Agency also violated these laws:

    A. 5 U.S.C. 903 and 904.

    B. 5. U.S.C. 2302(b)(4).

    C. 5 U.S.C. 2302(b)(11).

    D. 5 U.S.C. 2302{c}

    E. 5 U.S.C. 3301 1.3

## DAMAGE TO PLAINTIFF

25. The Plaintiff has lost income and have been, in the absence of an attorney, humbled to attempt to obtain justice in a alien legal environment where his knowledge of the law was negligible. The plaintiff have been stressed, especially by Agency officials making false official statements and having them ignored by Administrative Judges Brown and Cook in each of their separate venues. One testament to this stress is that the Plaintiff's hair has turned from black and gray to nearly white and acquaintances are quick to note this change. Aside from knowing that it is unlawful to make a false

official statement, the Plaintiff has no knowledge of what his action should be except to bring it to the attention of the court. Aware of his vulnerabilities and cognizant of the Agency's egregious conduct, the plaintiff looked forward to an equitable settlement with the Agency. Yet, not-with-standing all pertinent laws and regulations, the Agency has never offered to settle this issue with the Plaintiff, contrary to a statement made to AJ Cook by the Agency's attorney.

## PRAYER FOR RELIEF

Wherefore, the premise considered, the Plaintiff Theodore R. Wilson respectfully prays this court to;

--Grant his judgment against the defendant Timothy Cox/Armed Forces Retirement Home-Washington with regards to the Age Discrimination in Employment Act and other charges contained in this complaint.

--Restore him to his employment position until such time as he retires.

--Award him two hundred thousand dollars in compensatory damages.

--Award him all pay and benefits he would have received had he worked from January 4, 2004, through the day of final judgment.

--Grant such other relief as the court deems just and proper.

Respectfully Submitted,

*Theodore R. Wilson*
Theodore R. Wilson
Plaintiff/Counsel
3700 North Capitol St. NW #128
Washington, D. C. 20011-8400
Tel. (202) 291-5968

## JURY DEMAND

The Plaintiff respectfully demands trial by a jury as to all issues.

Theodore R. Wilson

**Exhibits:**

A. Affidavit of Theodore R. Wilson, September 25, 2006.

B. Affidavit of George I. Lausund, September 25, 2006.

C. Affidavit of James G. Harris, September 25, 2006.

D. Letter of Joan I. Esch, AFRH-W Personnel Officer, March 24, 1989.

E. Armed Forces Retirement Home-Washington Policy Document (Undated, Circa July-August 2002).

F. AFRH-W Equal Employment Opportunity (EEO) Policy, !6 April 2004.

G. Armed Forces Retirement Home EEO Policy, May 30, 2003.

12

<u>CERTIFICATE OF SERVICE</u>

I certify that on this date, November 13, 2007, I caused the foregoing document to be delivered to the officials identified as indicated.

U.S. Mail

<u>Judge of U.S. District Court</u>
The Honorable Henry H. Kennedy
333 Constitution Ave
Washington, D.C. 20001

U.S. Mail

<u>Assistant United States Attorney</u>
Ms. Marian L. Borum
555 Fourth Street, NW, Civil Division
Washington, D.C. 20530

U.S. Mail

<u>Agency's Representative</u>
Ms. Pherese Roy
Department of the Navy
614 Sicard St. SE, Suite 100
Washington Navy Yard
Washington, D.C. 20374-5072

<u>November 13, 2007</u>

Theodore R. Wilson
Plaintiff/Pro se Representative