UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THEODORE R. WILSON,  	Civil Action No.06-1585 (HHK)
3700 North Capitol St. NW #128
Washington, D. C. 20011-8400
Tel. (202) 291-5968
      Plaintiff,

v

TIMOTHY COX,  	Date: **November 15, 2005**
Chief Operating Office
Armed Forces Retirement Home-Washington
3700 North Capitol St. NW
Washington, D. C. 20011-8400

      And

The United States of America
555 4th St. NW
Washington, D. C. 20001
      Defendant.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

1. The Plaintiff objects to either dismissal or summary judgment of this complaint. The Agency has committed multiple offenses in firing the Plaintiff and the other residents and should be held accountable. These offenses are presented in the Plaintiff's request to amend his complaint and should justify the requested jury trial.

AGENCY'S OBLIGATIONS TO EMPLOYEES AND RESIDENTS

2. Among the Agency's contention is that the Plaintiff did not contact an EEO office within a certain time period. The Agency had an obligation to notify the Plaintiff that he had a right to protest his firing and give him the information of how and where to

RECEIVED
DEC - 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

make his complaint, 5 U.S.C. 2302(b)(11), and failed to do so. The Plaintiff did protest his firing with what he thought was the appropriate authorities within the 45 days, but could not be expected to take an action that he was unaware of. The Agency's lack of good will is demonstrated by failing to give the Plaintiff any kind of exit briefing, issuing a SF 50B stating that the Plaintiff resigned and waiting more than 30 days before presenting the false SF 50B to the Plaintiff.

3. This Agency had an Equal Employment Opportunity policy (See Plaintiff's document, Exhibit 6) in effect when the Plaintiff was fired from employment. This exactly worded EEO policy was reissued in the month following the Plaintiff's first EEO complaint. The EEO policy mandates:

(a) "Everyone at the Armed Forces Retirement Home-Washington has the right to work in an environment where there is opportunity for them to reach their full potential…"

(b) "…prompt resolution (of complaints) at the lowest level."

{c}"Complaints will be quickly and thoroughly investigated…"

The Agency had an obligation to fulfill all promises in that EEO policy in that it choose to publish the policy. The Agency has never attempted to resolve this complaint with the Plaintiff.

"It is well settled that an agency is bound by the regulations it has promulgated even though absent such regulations the agency could have exercised its authority to take the same actions on another basis, and that the agency must abide by its regulations as written until it rescinds them. United States v. Nixon 418 U.S. 683, 695, 96, 94 S

2

Ct, 3090, 3100-02, 41 L.Ed. 2d 1039 (1974).

The Agency issued a brochure to prospective residents through 2002 (See Plaintiff's Amendment Request, Exhibit 5) which contained a policy page that stated:

> --"**Chores/jobs:** ...For those interested in on-campus employment, the AFRH-Washington typically has several openings in a variety of capacities....

Residents read these statements and understood that they would be able to work and get paid for their labor (See Plaintiff's amended complaint, Affidavit of George I. Lausund, Exhibit 2). The Agency had a legally binding obligation to honor its policy statements which it failed to do. As opposed to rescinding the EEO policy and employment policy that was in effect when the Plaintiff lost his job, the Agency actually reissued that identical EEO policy, lawfully, binding the Agency to the policy's provision. **United States v. Nixon,** above.

## PLAINTIFF'S DISTINCT RESIDENT EMPLOYEE STATUS

The Plaintiff should have retained competitive status as an employee pursuant to 5. U.S.C. 3301 1.3(d). If the Agency proposed to remove the Plaintiff from competitive status, it should have informed the Plaintiff that it was doing so. The Plaintiff had only a vague concept of competitive service and no concept of excepted service when he signed a document (See Agency Exhibit H) resigning from the civil service. In signing that document, the Plaintiff was simply accepting employment. At no time did any official inform the plaintiff that he was signing away any rights and, further, the plaintiff does not believe that under the law he has relinquished his rights. Title 5, 3301 1.3(d) states that under the circumstance under question, the employee will remain in the competitive service.

...If the employee did not know of the right he was waiving, or if the waiver did not reflect an "intentional relinquishment of, those rights, the waiver is not effective and cannot be enforced. See **Brewer v. Williams**, **430, U.S. 387,404 (1977)**

## AGENCY'S MONEY SAVING CLAIM

Statements by the Chief Operating Officer claims that the resident employee program was costing AFRH-W one million dollars a year. Previously, (See Plaintiff's Amendment Request, Exhibit 4), Personnel Officer Joan I. Esch stated in a letter to OPM that the resident employee program was saving (AFRH-W) "$500K per annum." Agency allegations that replacing resident employees with civil service or contract employees does not stand-up under scrutiny.

Respectfully Submitted,

Theodore R, Wilson
Plaintiff/Pro se Representative

4

## CERTIFICATE OF SERVICE

I certify that on this date, November 15, 2007, I caused the foregoing document to be delivered to the officials identified as indicated.

| | |
|---|---|
| U.S. Mail | **Judge of U.S. District Court**<br>The Honorable Henry H. Kennedy<br>333 Constitution Ave<br>Washington, D.C. 20001 |
| U.S. Mail | **Assistant United States Attorney**<br>Ms. Marian L. Borum<br>555 Fourth Street, NW, Civil Division<br>Washington, D.C. 20530 |
| U.S. Mail | **Agency's Representative**<br>Ms. Pherese Roy<br>Department of the Navy<br>614 Sicard St. SE, Suite 100<br>Washington Navy Yard<br>Washington, D.C. 20374-5072 |

November 15, 2007

Theodore R. Wilson
Plaintiff/Pro se Representative