UNITED STATES DICTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THEODORE R. WILSON                                      Civil Action No. 06-1585 (HHK)
3700 North Capitol St. NW #128
Washington, D. C. 20011-8400
Tel. (202) 291-5968
          Plaintiff,

v.

TIMOTHY COX
Chief Operating Officer
Armed Forces Retirement Home-Washington
3700 North Capitol St. NW
Washington, D. C. 20011-8400

          and

The United States of America
555 4th St. NW
Washington, D. C. 20001


## PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

1. This action comes **at this time** as a result of the Plaintiff's on-going education regarding the Federal Rules of Civil Procedure and other understood requirements from that same source which indicate the Plaintiff's need to act. The Plaintiff begs the indulgence of the Court and the Defendant as this learning process develops.

2. This cross-motion is submitted in opposition to the Defendant's motion for summary judgment and respectfully requests summary judgment for the Plaintiff based on the evidence being submitted for which there is no genuine dispute.

1

3. The Plaintiff respectfully requests the court to issue a summary judgment for the Plaintiff and impose penalties on the Defendant as previously requested by the Plaintiff. The Plaintiff respectfully requests to invoke the doctrine of **promissory estoppel** in support of this request.

## PLAINTIFF'S BASIS FOR REQUESTING PROMISSORY ESTOPPEL

4. The Plaintiff became aware of the doctrine of **promissory estoppel** on about December 13, 2007, after being introduced to "google" on the internet and while reading a now forgotten precedent case that referred to that doctrine. The Plaintiff immediately concluded that **promissory estoppel** should apply to matters presented in paragraphs 23 and 24 of his request to amend his complaint and in paragraph 3 of plaintiff's response to Agency's motion to dismiss.

## FACTS AND ACTS OF PROMISSORY ESTOPPEL

5. The Agency made promises to the Plaintiff in several ways which led the Plaintiff to believe that the Plaintiff, who was then a civil service employee residing off campus, could change the Plaintiff's residence to the Armed Forces Retirement Home-Washington (AFRH-W) and still remain full-time employed at AFRH-W.

6. In November 2002, prior to moving to AFRH-W, the Plaintiff was provided an AFRH-W brochure that the Agency usually provided to potential residents which stated in part (See Plaintiff exhibit 4):

> "**Chores/jobs:**"...For those interested in on campus employment, the AFRH-Washington typically has several openings in a variety of

2

capacities...

The Plaintiff was aware of the 150-year tradition at AFRH-W (or the institution when identified by its other names) when residents were allowed to work and was paid for that work.

7. Agency officials, specifically management personnel in Security and Investigation Division, assured the Plaintiff that the Plaintiff would still be employed full-time if the plaintiff vacated his off campus residence and moved to AFRH. About eight months after Plaintiff became a resident of AFRH-W, the Agency reneged on its employment promise. (Giving up employment and relocating is reliance sufficient to invoke **promissory estoppel** even though new job was to be at-will); Ely v. York-Division, Borg-Warner, 455 N.E.2d 623 (Ind. Ct App. 1983)

8. In January 2004, notwithstanding the Agency's promises of employment to the Plaintiff and other residents, the Agency fired all AFRH-W residents. In some cases, the fired residents were asked to return to work in a stipend program where they would be paid for the first 12 hours of work each month but would have to donate any other time worked in a given month.

9. Agency's current exhibit "H", a document signed by the Plaintiff, indicates the Plaintiff's understanding that the Plaintiff would be employed at AFRH-W with full pay for all work performed.

10. The foregoing events influenced the Plaintiff to give away numerous items including most of four rooms of valued furniture and moved his residence to AFRH-W. Plaintiff's

3

AFRH-W one-room residence was hardly able to accommodate bare essentials including, assorted music making items, clothes, a TV set, two book cases of books and some art work. The Plaintiff came to AFRH-W expecting that to be his last permanent residence on earth.

11. The Agency's posted Equal Employment Opportunity (EEO) policy, dated January 8, 2003, also makes a promise which the Agency failed to keep when the Agency fired the Plaintiff and the other AFRH-W residents. The Agency's posted EEO policy stated (and still states since it is still posted at several AFRH-W locations on the date of this writing, December 22, 2007):

> "...Everyone at the Armed Forces Retirement Home-Washington has the right to work in an environment where there is opportunity for them to reach their full potential..." (See Plaintiff's exhibit 6)

AFRH-W residents are foremost among "everyone" at AFRH-W by virtue of residing. The Agency's reference to "everyone" in this, and a subsequent, EEO policy, clearly, without contradiction, included the AFRH-W resident employees. The Plaintiff and other AFRH-W resident employees have a legitimate complaint that the Agency failed to honor that promise and the Plaintiff has heard numerous informal complaints regarding this fault from other residents. (See affidavit of George I. Lausund {deceased, 17 December 2007}, Plaintiff's exhibit 2.) The Plaintiff's full potential, in terms of employment at AFRH-W, would be to become the Chief of Security or some similar position. As if to illustrate the cavalier attitude and lack of concern it has for what it so easily promised and communicated to the resident employees, including the Plaintiff, the Agency reissued the aforementioned EEO policy with a different date, April 16, 2004, and different

signature, but with the same exact wording.

12. The plaintiff believes that this motion may be granted pursuant to Federal Rules of Civil Procedure, Rule 15{c}(2).

> **Federal Rules of Civil Procedure.** Rule 15{c} Relating Back of Amendments.
> ...(2) the claim or defense asserted in the amended pleading arose out of the amended conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,or...

The Agency's issuance of the EEO policies and failure to comply with the policies is clearly referenced in paragraphs 23 and 24 of the Plaintiff's request to amend.

## DEFENDANT'S ALLEGATIONS

13. Defendant has alleged that the Plaintiff did not exhaust him administrative remedies before filing his complaint with the Federal Court. The Plaintiff's Affidavit of November 6, 2006, clearly states that the Plaintiff complained at AFRH-W and went through the EEO Process. The Agency accepted that affidavit throughout the Merit Systems Protection Board process and should not be permitted to deny it in the current proceeding.. The Plaintiff did exhaust his administrative options.

## ADDRESSING DEFENDANT'S STATEMENT OF MATERIAL FACTS

14. (Page 2, item 6) Plaintiff became a AFRH-W resident on December 1, 2002.

(Page 2, item 7) The Plaintiff can agree that the resident full time employee program for pay purposes was abolished, but the residents were asked to continue working in the Stipend Program. The Stipend Program equals, and was intended to be, work without pay which remains unstated in Defendant's presentation (See Defendant's I, page 3, item 4).

5

(This also pertains to document's page 2, item 10.)

## JUSTICE

15. The Plaintiff believes that justice will be served if this motion is granted just as an injustice will result if the Agency's "affirmative misconduct" goes unpunished.

16. The Agency has visited undue severe stress upon the Plaintiff by permitting this complaint to linger in its various venues. The plaintiff has suffered mental anguish, frustration and innumerable sleepless nights because of a lack of knowledge of what actions it would be appropriate to take.

17. If this motion is granted, the Plaintiff respectfully requests that his **"prayer for relief"**, as expressed in Plaintiff's request to amend complaint, previously provided to the court be implemented.

                              Respectfully submitted,

                              Theodore. R. Wilson
                              3700 North Capitol St. NW #128
                              Washington, D. C. 20011-8400
                              Phone (202) 291-5968

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THEODORE R. WILSON                                 Civil Action No. 06-1585 (HHK)
3700 North Capitol St. NW, #128
Washington, D. C. 20011-8400
Phone (202) 291-5968
        Plaintiff,
v.

Timothy Cox
Chief Operating Officer
Armed Forces Retirement Home-Washington, et al
3700 North Capitol St. NW
Washington, D. C. 20011-8400
        Defendant.

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pro se Plaintiff, Theodore R. Wilson, brings this complaint on the bases that he was unlawfully removed from employment at Armed Forces Retirement Home-Washington in violation of several federal statutes and submits this Statement of Material Facts As To Which There Is No Genuine Dispute in accordance with Local Rule 7(h).

1. The Plaintiff was hired at Armed Forces Retirement Home-Washington (AFRH-W) then known as the United States Soldiers' and Airmen's Home on about May 21, 2001, as a GS-5 civil service security guard. See Defendant's exhibit B.

2. In November, 2002, the Plaintiff was reassured that the Plaintiff could move the Plaintiff's residence to AFRH-W and remain full time employed at AFRH-W. See Plaintiff's exhibit 8, 3rd affidavit of Theodore R. Wilson.

3. In November, 2002, the Plaintiff was provided a brochure that reaffirmed the AFRH-W promise and policy of providing residents full time employment. See Plaintiff's exhibit 5.

1

4. On or about December 1, 2002, Plaintiff moved his residence from an off-campus location to AFRH-W with the understanding that the Plaintiff would remain full time employed. See Plaintiff's exhibit 8, 3rd affidavit of Theodore R. Wilson.

5. An EEO policy dated, January 8, 2003, was posted at select locations throughout AFRH-W from January 2003 through December 2007 which promised that:

> "...Everyone at the Armed Forces Retirement Home-Washington has the right to work in an environment where there is opportunity for them to reach their full potential..." See Plaintiff's exhibit 6."

6. Plaintiff was notified in about July/August 2003 that all resident employees could be removed from employment in the coming months and that the stipend program would be available as a source of part time employment. (Agency claims to have no copy of letter)

7. The Plaintiff was informed on November 4, 2003, by letter of intent that his last day of employment would be January 4, 2004. See Defendant's exhibit F.

8. Plaintiff was notified on January 3, 2004, that that would be his last day of employment. See Defendant's exhibit I, page 3, item #3.

9. Actually, the issue of whether or not the resident security guards would be removed from employment was not decided until in late December 2003. See Defendant's exhibit 9, attached, affidavit of William Waninger. (Note: Chief Waninger departed employment at AFRH-W in late December 2003.)

10. The Agency fired the Plaintiff and failed to provide the Plaintiff any oral or written information regarding his rights to appeal his firing. Plaintiff's exhibit 1, lines 5 thru 10.

11. The Plaintiff was issued a SF 50 more than 30 days after his last day of work which stated he had resigned his employment position at AFRH-W. See Defendant's exhibit C,

2

page 1, item 5D.

12. The Plaintiff complained of being fired to an AFRH-W official and was advised to file a complaint with the EEO office representing AFRH-W at the Bureau of the Public Debt in Parkersburg, WV. See Plaintiff's exhibit 1, affidavit of Theodore R. Wilson, page 1, line 11.

13. Plaintiff filed an informal EEO complaint on or about March 23, 2004. See Defendant's exhibit "J", page 1, line B).

14. Plaintiff went through the formal EEO complaint process to have his pleading dismiss by Administrative Judge Katherine Brown, June 2006. See Defendant's exhibit K, page 3, lines 16 thru 19.

14. Plaintiff appealed to the Merit Systems Protection Board where the Plaintiff's case was dismissed by Administrative Judge Thomas P. Cook on May 11, 2007. See Defendant's exhibit K, page 18, line 1.

15. An EEO policy, dated April 16, 2004, with identical reading and provisions to that described in item 5 above remained posted at locations through out AFRH-W from April 2004 through December 2007. See Plaintiff's exhibit 7.

16. In defiance of orders from Administrative Judge Katherine Brown, and later,

3

Administrative Judge Thomas Cook, and, in violation of 29 C.F.R. Par. 1614.603, the Agency has never offered to settle this complaint with the Plaintiff.

> 29 C.F.R. Par. 1614.603. "Each agency shall make reasonable efforts to voluntarily settle complaints of discrimination as early as possible in, and throughout, the administrative processong of complaints, including the pre-complaint counseling stage."

Respetfully Submitted,

*Theodore R. Wilson*
Theodore R. Wilson
Plaintiff, Pro se Representative

4