```
*******************************
                               *
THEODORE R. WILSON              *
     Complainant                *
           vs.                  *        AFRH-04-01
                               *
ARMED FORCES                    *
RETIREMENT HOME                 *
     Defendant                  *
*******************************
```

## AFFIDAVIT OF WILLIAM WANINGER

The accepted issue in this case is as follows:

    Was the Complainant discriminated against because of his age (72) when he was terminated from his position of Security Guard 03578-1207-01 at the Armed Forces Retirement Home on January 4, 2004?

Q: What is you current employment status with the Armed Forces Retirement Home?

A: I retired on December 31, 2003. At the time of my retirement I was the Chief of Security and Investigations for the Armed Forces Retirement Home.

Q: What is your age?

A: I am 63 years old. (DOB: 10/25/41)

Q: Are you familiar with the Complainant, Theodore Wilson?

A: Yes, Mr. Wilson worked for me as a Security Guard at the gate. He first came in as a GS employee and then when he became a resident of the AFRH, he became a resident employee. He was very good employee and was able to stand at the gate for eight hours or even longer.

Q: What is your understanding of Mr. Wilson being terminated from his job of Security Guard at the Armed Forces Retirement Home?

A: Early in November of 2003, I was given a letter from personnel to deliver to Mr. Wilson stating that all resident employees were being terminated. By this point Mr. Wilson was the only resident employee still working as a Security Guard. Subsequent to giving him the letter, my boss, Charles Dickerson said that they had reversed their decision about security. There

*Plaintiff Exhibit 9.*



was a lot of confusion about the reorganization at that time. I left before this matter was ever resolved.

Q: What is your understanding of how the Security Guard positions were going to be filled?

A: The Security Guard positions vacated by residents were being filled by Federal GS employees and employees supplied by an outside contractor.

Q: The Complainant alleges that he was terminated based on age. Please comment.

A: From what I understand the Navy home had a stipend program and Mr. Tim Cox, the COO at the Armed Forces Retirement Home, wanted everyone to have the same rules. Under the stipend program, residents could work a minimum of 12 hours and receive $120 per month in pay. If a resident chose to work more than 12 hours, the additional time would be donated to the retirement home.

Q: Do you have anything further to add?

A: No.

2.

## CERTIFICATION

I, William Waninger, have read the above transcribed verbatim statement, consisting of 2 pages, it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

> Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000.00 or imprisoned not more than 5 years, or both.

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; and Executive Order 11478 as amended. This information will be used to adjudicate complaints of alleged discrimination. As a routine use, this information may be disclosed to persons involved in the processing and/or adjudication of this complaint; to the Equal Employment Opportunity Commission or to the Merit Systems Protection Board, as appropriate, to adjudicate complaints of alleged discrimination; to a court, party or counsel for a party in judicial or administrative litigation; to a congressional office at your request; to a labor organization as may be required by the NLRA. Provision of the information requested is mandatory for the complainant, GPO employees and other federal employee witnesses. Failure of the GPO or other federal employees to provide the requested information could result in disciplinary action.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
William Waninger

Dated: January 29, 2005

Affirmation by: *[signature]*
Jonathan Kaufmann

3.