# Theodore R. Wilson

## v.

# Timothy Cox, Chief Operating Officer, Armed Forces Retirement Home -Washington et al., Civil Action No. 06-1585 (HHK)

# Exhibit D

```
********************************
                              *
THEODORE R. WILSON             *
    Complainant                *
        vs.                    *         AFRH-04-01
                              *
ARMED FORCES                   *
RETIREMENT HOME                *
    Defendant                  *
********************************
```

## AFFIDAVIT OF TIMOTHY C. COX

The accepted issue in this case is as follows:

> Was the Complainant discriminated against because of his age (72) when he was terminated from his position of Security Guard 03578-1207-01 at the Armed Forces Retirement Home on January 4, 2004?

Q: What is your position with the Armed Forces Retirement Home?

A: Chief Operating Officer.

Q: What is your age?

A: I am 44 years old. (DOB:

Q: Are you familiar with the Complainant, Mr. Theodore Wilson?

A: Yes, Mr. Wilson is a resident of the Armed Forces Retirement Home.

Q: Mr. Wilson has filed a complaint regarding his termination as a resident employee from his position of Security Guard at the Armed Forces Retirement Home in January 2004? Please comment.

A: I was appointed a little over two years ago following a mandate from Congress to run the Armed Forces Retirement Home here in Washington and the retirement home in Gulfport under the model other retirement homes operate. The AFRH funding is primarily from the Armed Forces Retirement Home Trust Fund. The Trust Fund balance had declined from $156 million in 1995 to $94 million in 2003. In order to stop the drain on the trust fund, the operating model needed to be changed and we are now able to report we are no longer in the red financially.

The resident employment program was costing us one million dollars a



83

year. It was more cost effective to have the jobs filled by GS employees or contract out the jobs. In addition, it was felt that it was in the best interest of the residents to not have residents working on the Security force for the Armed Forces Retirement Home.

We also began working to bring the two campuses under one set of standards and policies. The Gulfport home had a stipend program in which residents are able to work and receive $120 a month for working a minimum of 12 hours. If a resident wants to work more than in 12 hours he or she will not be paid any additional monies. We felt that this arrangement would be more economically favorable to our operation and for the two programs to operate in the same manner.

Q: Are residents allowed to work outside of the AFRH?

A: Yes, as long as we know where they are going, they are allowed to leave the campus. Their rent is based on their income, so if there income increases, their fees will increase.

Q: The Complainant alleges that he was terminated based on age. Please comment.

A: Mr. Wilson was not terminated based on his age. He was terminated because of a business decision to no longer have residents as employees of the AFRH. We gave the resident employees 60-day notice, which we really didn't have to do. We also gave the names of the terminated employees to the outside contractor, but it was up to the contractor to make hiring decisions. Another consideration for not having residents working security on the gate is the military's use of AFRH property in times of heightened security.

Q: Do you have anything further to add?

A: No.

84

## CERTIFICATION

I, Timothy C. Cox, have read the above transcribed verbatim statement, consisting of 2 pages, it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

> Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and wilfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000.00 or imprisoned not more than 5 years, or both.

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; and Executive Order 11478 as amended. This information will be used to adjudicate complaints of alleged discrimination. As a routine use, this information may be disclosed to persons involved in the processing and/or adjudication of this complaint; to the Equal Employment Opportunity Commission or to the Merit Systems Protection Board, as appropriate, to adjudicate complaints of alleged discrimination; to a court, party or counsel for a party in judicial or administrative litigation; to a congressional office at your request; to a labor organization as may be required by the NLRA. Provision of the information requested is mandatory for the complainant, GPO employees and other federal employee witnesses. Failure of the GPO or other federal employees to provide the requested information could result in disciplinary action.

I declare under penalty of perjury that the foregoing is true and correct.

Timothy C. Cox  *[signed] Timothy C. Cox*

Dated: 1-24-05

Affirmation by: *[signed]*
Jonathan Kaufmann

85