# Theodore R. Wilson

## v.

# Timothy Cox, Chief Operating Officer, Armed Forces Retirement Home -Washington et al., Civil Action No. 06-1585 (HHK)

## Exhibit J

# EEO COUNSELOR'S REPORT
## Armed Forces Retirement Home
### 29 C.F.R. Section 1614.105(c)

**A) AGGRIEVED PERSON**

**Name:** Theodore R. Wilson

**Job Title/Series/Grade:** Riffed – Was a Security Guard (03578-1207)
(Excepted Service)

**Place of Employment:** Armed Forces Retirement Home

**Work Phone #:** N/A          **Home Phone #:** (202) 291-5968

**Home Address:** Resident of Armed Forces Retirement Home - Scott Building

**B) CHRONOLOGY OF EEO COUNSELING**

**Date of Initial Contact with AFRH:** 3/23/04          **Date of Initial Interview:** 4/1/04

**Date of Alleged Discriminatory Event:** Became aware of issue around 2/12/04 when he received the incorrect SF-50 in the mail.

**45th Day After Event:** 3/29/04

**Reason(s) for delayed contact beyond 45 days, if applicable:** N/A

**Date Report Requested:** 6/10/04          **Date Report Submitted:** 6/25/04

**C) BASIS(ES) FOR ALLEGED DISCRIMINATION**

1. RACE: N/A
2. COLOR: N/A
3. NATIONAL ORIGIN: (Specify) N/A
4. SEX: N/A

    a.) Sexual Harassment?: Yes [ ] No [X]
    b.) Sexual Orientation?: Yes [ ] No [X]

5. AGE: (Date of Birth) -, .
6. MENTAL DISABILITY: (Specify) N/A
7. PHYSICAL DISABILITY: (Specify) N/A
8. RELIGION: (Specify) N/A
9. REPRISAL: (Identify earlier event and/or opposed practice, give date)
Possible retaliation due to incident with JAC Representative.

**D) ALLEGATIONS OF DISCRIMINATION**

The complainant believes he was discriminated against because of his age (He was 71 at the time of the discriminatory incident, however his birth date is    .    ) when he was terminated as a Security Guard. He alleges he has two documents, which are in direct conflict with each other making him believe his removal was discriminatory. (He also resides at the Armed Forces Retirement Home, where he was terminated.) **See attachment I**

1

1

Theodore R. Wilson

35

On April 1, 2004 I faxed Mr. Wilson his rights, and we went over them via telephone. **See attachment II**

On April 2, 2004, he faxed the signed forms back to me & he also mailed them back. **See attachment III**

Mr. Theodore R. Wilson was advised by a letter dated 11/4/03 that "As a result of the recent reorganization, your position as Security Guard will be abolished effective Sunday, 1/4/04," which he signed acknowledging receipt of the letter on that date. William C. Waninger, Chief of the Security & Investigations Division, signed this letter (Mr. Waninger has since retired). **See attachment I**

At a much later date, he thinks around February 12, 2004, Mr. Wilson received a copy of his SF-50 (Notification of Personnel Action) in the mail. This document states that he resigned with no reason given, effective 1/3/04. The document was signed by Sherba Essex, the Human Resources Officer of Armed Forces Retirement Home, and bears an approval date of 2/2/04. **See attachment I**

The complainant asserts he did not resign; he was terminated (riffed). He was then offered the same position on a stipend salary. He alleges this action was unfair and that the agency did this so he could work the same hours for less pay, as an associate of his does. He questions the inaccuracy of the document and wonders if something improper is going on.

The complainant alleges these actions were discriminatory because at a meeting where the reorganization & the loss of their positions was being discussed, Mr. Cox, the head of the agency, declared 'that they were not there work, they were there to retire,' referring to their age. The fact that Armed Forces Retirement Home still has security guards, some of them his past coworkers, he feels his termination was discriminatory and based on his age.

On 4/28/04 I contacted and spoke with Sherba Essex the Human Resources Officer of Armed Forces Retirement Home [Phone (202) _____ to inquire why Mr. Wilson's SF-50 (Notification of Personnel Action) states he resigned. She did not know why the form stated this because it should state termination since it was due to the A-76 Study conducted by the COO, Jim Fox. She further states that perhaps the complainant worked past the January date, but she wasn't sure. She alleges that this complaint stems from the fact that the complainant cannot draw unemployment because his position at Armed Forces Retirement Home was an excepted service position with the agency rather than a competitive service position. She further argues that resident employees are not covered under Title V, because of their excepted service. She faxed me documentation that she alleges supports her statements. **See attachment IV**

As I waited for the SF-50 to be corrected, time elapsed and I had to see if Mr. Wilson would extend his complaint. He agreed to the extension. **See attachment V**

Mr. Wilson denied he was even interested in unemployment for he has not even applied for it. He stated that he knew he was not entitled to unemployment. His concern is that things are not being done properly and that this error should be looked into as well as corrected because that is not what occurred, and if that wasn't done correctly, perhaps his termination was conducted improperly also.

To withdraw his complaint, Mr. Wilson would like management to do the following:

- Correct the SF-50 to accurately reflect that he did not resign;
- Place him back into his position as Security Guard;
- Pay him all the monies he would have been entitled to if he had continued working from the

2

Theodore R. Wilson

36

termination date up til now; and
- Pay him a penalty for removing him from his job unlawfully.

As Mr. Waninger had retired, I contacted Mr. Cox to discuss Mr. Wilson's complaint.

Mr. Fox and I spoke via telephone. He indicated that Mr. Wilson's termination was not a result of a discriminatory decision, it was based on a study Mr. Fox had requested for certain positions. He states that the reason it only impacted some of the guards is because his position was categorized differently because he was a main gate guard. As a result of the study, those positions were to be contracted out and Mr. Wilson was riffed.

We discussed why the complainant's SF-50 said what it said and that it did need to be corrected to reflect the proper action that occurred. He thought that perhaps it stated 'resigned' instead of 'terminated' was because of an incident that occurred when Mr. Wilson made an offensive comment to one of the Joint Commission on Accreditation of Healthcare Organizations (JCAHO) workers. Mr. Fox stated that the agency was going to terminate him unless he resigned for the comment. He further states that he was the one who temporarily saved Mr. Wilson's position by asking management to postpone the termination, as the positions were probably going to be contracted out in the near future.

Another issue Mr. Fox had with the older guards at Armed Forces Retirement Home, 'was that they were not doing their jobs properly, as from time to time they would be found asleep, which was not safe for a government agency in DC, what with all the threats since 9/11.'

Mr. Fox does agree that he made the statement "that they were not there work, they were there to retire," because those guards were actual resident employees, and that they were there to retire. But he believes the statement was taken out of context. He alleges that they allowed the residents to work to make them feel productive, not because they were entitled to the positions. And furthermore, their positions fell under an excepted authority, so their rights were not the same as regular employees.

He indicates that indeed, some of the resident guards decided to take their jobs under the stipend program, and that they are only guaranteed a certain amount of pay for a certain amount of hours. And yes, some do work beyond the required hours, but that is on a volunteer basis, which they have agreed to before working those additional hours.

Mr. Fox did not agree to any of Mr. Wilson's remedies except he did agree that the SF-50 needed to be corrected, as it was incorrect.

On 5/14/04, I contacted Sherba Essex again to see if the SF-50 had been corrected. On 5/21/04, copies of the revised forms were faxed to me. The information on the form refers directly to Mr. Cox, which seems unusual for a riff form, but I'm not sure what he standard is for this agency. **See attachment VI**

I faxed the forms to Mr. Wilson so he could see them. We discussed the responses Mr. Fox had given me. Although Mr. Wilson had mentioned the situation with the JCAHO representative; he said he was not forced to resign concerning the incident. He did not agree with Mr. Fox's assertions that his actions were non-discriminatory. He still alleges the actions that occurred against him were discriminatory and he wants to pursue the matter. As a resolution was not forthcoming, I also issued Mr. Wilson his Notice of Right to File a Discrimination Complaint Under 29 CFR Part 1614, and the complaint submission form. **See attachment VII**

He filled out the forms showing he received his Notice of Right to File a Discrimination Complaint Under 29 CFR Part 1614 and indicated he would be filing a formal complaint. **See attachment VIII**

3

Theodore R. Wilson

37

### E) REMEDY REQUESTED

To withdraw his complaint, Mr. Wilson would like management to do the following:

- Correct the SF-50 to accurately reflect that he did not resign;
- Place him back into his position as Security Guard;
- Pay him all the monies he would have been entitled to if he had continued working from the termination date up till now; and
- Pay him a penalty for removing him from his job unlawfully.

### F) EEO COUNSELOR'S CHECKLIST - THE COUNSELOR ADVISED THE AGGRIEVED PERSON IN WRITING OF THE RIGHTS AND RESPONSIBILITIES CONTAINED IN THE EEO COUNSELOR CHECKLIST

Yes [X]  No [ ]

### G) SUMMARY OF COUNSELOR'S INQUIRY

**1) Contacts**

1. Sherba J. Essex, Human Resources Officer
   Armed Forces Retirement Home

   

2. Brock Fowler, Human Resources Policy Officer
   Armed Forces Retirement Home

3. Jim Fox, COO
   Armed Forces Retirement Home

**2) Attachment Index**

I. Letter from the complainant date March 23, 2004
II. EEO Counselor Documents for Processing Informal Complaints of Discrimination (Rights)
III. The complainant's signed rights
IV. Fax from Sherba Essex regarding excepted appointments
V. Extension form

4

Theodore R. Wilson

38

VI. Corrected SF-50s
VII. Faxed the complainant copies of the corrected SF-50s, a Notice of Right to File a Discrimination Complaint Under 29 CFR Part 1614, and a Complaint Form.
VIII. Signed form showing Mr. Wilson's receipt of his Notice of Right to File a Discrimination Complaint Under 29 CFR Part 1614.

H) **SUMMARY OF INFORMAL RESOLUTION ATTEMPT(S)**

See attempts under *Allegations of Discrimination*.

I) **SUMMARY OF INFORMATION FAXED TO THE AGGRIEVED PERSON BY COUNSELOR:**

See information under *Allegations of Discrimination*.

| Patty I. Adams | | Bureau of the Public Debt 200 3rd St., EEO Office Rm 415 Parkersburg, WV 26101 |
|---|---|---|
| Name of EEO Counselor | Phone Number | Office Address |
| *[signature]* Patty J. Adams | | 6/25/04 |
| Signature of Counselor | | Date |

5

Theodore R. Wilson

79

# EEO COUNSELOR DOCUMENTS FOR PROCESSING INFORMAL COMPLAINTS OF DISCRIMINATION

Theodore R Wilson

1 April 2004

Re: My dismissal From Employment, AFRH-W

I think the AFRH-W should give me my Job back.
— should Pay me back All of the money that I have lost during my period of unemployment.
— should Pay A Penalty (Any Reminder Penalty) For Removing me From my Job unlawfully.

Theodore R Wilson

**Armed Forces Retirement Home**
**C/O Bureau of the Public Debt**
**EEO Office**
**200 3rd Street Room 415**
**Parkersburg, WV 26106**



AFRH

# RIGHT TO REMAIN ANONYMOUS
## Armed Forces Retirement Home

SUBJECT: Notice of Right to Remain Anonymous during the Informal Counseling Stage

In accordance with 29 CFR Part 1614, you have the right to remain anonymous during the *Informal EEO Counseling Stage* only. Anonymity may unduly restrict the EEO counselor in achieving informal resolution of the counseling matter(s) you have raised. Once you have filed a Formal EEO Complaint, your right to anonymity will no longer exist.

Please check the appropriate box below and sign and date this form:

☐ I wish to remain anonymous during the *Informal EEO Counseling Stage.*

☒ I do not wish to remain anonymous during the *Informal EEO Counseling Stage.*

_____Theodore R Wilson_____  _____1 April 2004_____
(Aggrieved Person)                (Date)

**Note to EEO Counselor:** Have the aggrieved person sign and date this form. Keep the original for your records.

41

# PRIVACY ACT NOTIFICATION
## Armed Forces Retirement Home

### GENERAL
- This information contained on this form is provided pursuant to the Privacy Act of 1974 for individuals supplying information for inclusion in a system of records.

### AUTHORITY
- The authority to collect the information requested on this form is derived from one or more of the following documents:

    42 USC 2000e; 29 USC 633a; PL 95-602 as amended; 5 USC 1303 and 1304; 5 USC 5.2 and 5.3; 29 CFR 1614.105; and EO 11478 as amended.

### PURPOSE AND USES
- The information supplied will be used to resolve the EEO counseling matters you have raised during counseling. This information may be discussed with designated officers and employees of your agency, the Department, or EEOC in order to resolve the matter(s) you have raised. If you file a formal EEO complaint, the complaint form, the counseling report form, and all enclosures will be made part of your EEO complaint files and will be available to any person having a need to know its contents. Formal complaints are neither anonymous nor confidential. Whether or not you file a formal EEO Complaint, this form and enclosures, if any, may be used in a depersonalized manner as a database for program analysis, review, evaluation, and statistics. If you have not chosen anonymity and there is a need to disclose information from your EEO counseling reports for reasons other than those which have been cited or for reasons cited in the Privacy Act [5 USC 522 a (b)], your prior consent will be solicited.

### EFFECT OF NON-DISCLOSURE
- Disclosure of the information sought during counseling is voluntary. However, because issues raised in a formal complaint must first have been raised at the counseling stage, the failure to disclose relevant information may result in dismissal of the formal complaint in whole or in part.

*Theodore R. Wilson / April 2004*

# NOTICE OF RIGHTS

### Federal Sector Equal Employment Opportunity Regulations
### (29 CFR Part 1614)

Use of the EEO complaint process is voluntary. However, informal pre-complaint counseling is a mandatory requirement for filing a formal EEO complaint under the Equal Employment Opportunity Commission (EEOC) Regulations at 29 CFR Part 1614. Additionally, §1614.105(b) requires that you be advised, in writing, of your rights and responsibilities under the regulations. This "Notice of Rights" is provided in compliance with the regulations.

If you do not receive EEO counseling beyond the initial interview, no further action will be taken with respect to the matter(s) discussed. If you do receive further counseling, you will be given a written notice of the right to file a formal complaint as further discussed below.

### Your Rights and Responsibilities-

- You have the right at every stage in the presentation of your complaint, including mandatory pre-complaint EEO counseling, to be accompanied, represented and advised by a representative of your own choosing [§1614.605(a)];

- You, your representative, and your witnesses shall be free from reprisal in the presentation and processing of a complaint, including EEO counseling, or any time thereafter [§1614.101(b)];



- You have the right to remain anonymous during informal EEO counseling. Anonymity may unduly restrict the EEO Counselor in achieving informal resolution of the counseling matter(s) you have raised. If you choose to remain anonymous, your name will appear only on the "EEO Counseling Report", of which only you and the EEO Counselor where your counseling matter(s) arose will have a copy. If you choose not to file a complaint, the Counselor will destroy the notes concerning the contact within 45 days from the issuance of the Notice of Right to File a Discrimination Complaint [§1614.105(g)];



- If you file a formal EEO complaint, you will have no right to anonymity, and your having filed a formal complaint will not be regarded as confidential [§1614.105(g)];



*Theodore R. Wilson / April 2004*

## NOTICE OF RIGHTS (CONTINUED)

- The effective date of filing a formal complaint is the postmark date if the complaint is properly addressed to the appropriate Department of the Treasury Regional Complaint Center. If the formal complaint is not properly addressed, the effective date of filing will be the date on which it is actually received at the Center. Receipt of your complaint will be acknowledged by the Center, which will inform you of the effective date of filing, and the issues and allegations accepted for investigation. If your complaint is dismissed, in whole or in part, you will be informed of your appeal rights [§1614.106(d)];

- The Counselor shall not attempt in any way to restrain you from filing a complaint [§1614.105(g)];

- If you wish to be represented, it is your responsibility to complete the "Designation of Representative and Limited Power of Attorney" form which may be obtained from the Counselor. You must sign this form and return it to the EEO Counselor during counseling or to the Regional Complaint Center if a formal complaint is filed. You should read this form carefully, discuss it with your representative, and come to a clear understanding of the terms and conditions specified on the form. If you later wish to proceed without the representative you have first chosen, or if you wish to change your representative, you must file a written notice with the appropriate Regional Complaint Center [§1614.605(a)];

- You are required to mitigate damages. For example, interim earnings or amounts which could have been earned by a reasonably diligent person generally must be deducted from an award of back pay [§1614.105(b)];

- You are required to keep the agency informed of your current mailing address [§1614.105(b)];

- Only matters raised at the counseling stage may be the subject of a formal complaint [§1614.105(b)];

- If you wish to file a class complaint, the Counselor shall explain the class procedures and the responsibilities of a class agent [§1614.105(b)];

- Unless you agree to a longer counseling period, the Counselor shall conduct the final interview, and provide you with a "Notice of Right to File a Discrimination Complaint" form, within 30 days of the date you brought the matter to the Counselor's attention [§1614.105(d)];

- Prior to the end of the 30 day period discussed above, you may agree in writing to extend the counseling period for an additional period of no more than 60 days. If the matter has not been resolved by the conclusion of the

*Theodore R. Wilson / April 2004*

## NOTICE OF RIGHTS (CONTINUED)

agreed upon extension, the "Notice of Right to File a Discrimination Complaint" form must be issued [§1614.105(e)];

- If you are dissatisfied with the results of EEO counseling, you may file a formal EEO complaint within fifteen (15) calendar days of your receipt of the "Notice of Right to File a Discrimination Complaint" form. Your complaint must be in writing and signed by you, or your representative. Your complaint must be precise and describe generally the actions or practices that form the basis of the complaint. The EEO Counselor will provide you with a formal Complaint Form and information as to where and with whom you may file the complaint [§1614.106];

- Within 180 days from the effective date of filing the formal complaint, unless you agree to an extension of not more than 90 days, you or your representative will be provided a copy of the investigative file, and notified of your right to request a hearing (in a non-mixed complaint) before an administrative judge or an immediate final decision by the agency [§1614.108(f)].

### Other Avenues of Redress-

- You may be able to pursue this matter under a negotiated grievance procedure instead of under the EEO complaint procedure [§1614.301].

    When a person is covered under a collective bargaining agreement that permits allegations of discrimination to be raised, the aggrieved individual must elect to raise the matter either under part 1614, or the negotiated procedure, but not both. An election is indicated only by the filing of a written complaint.

- You may be able to pursue this matter before the Merit Systems Protection Board i.e., if the matter is a mixed case [§1614.302].

    The Counselor will inform you whether your allegations may be covered under this section. If they are covered, you have 30 days from the date of the alleged discriminatory act to file a mixed case appeal with the Merit Systems Protection Board (MSPB) and 15 days from the date of a Counselor's notice of final interview or 30 days after the initial EEO Counselor contact to file a formal mixed case EEO complaint. You may not file both an MSPB appeal and an EEO complaint on the same matter. The process selected first is deemed the elected process.

### Right to File a Civil Action in Non-mixed Cases-

- You may file a civil action in an appropriate United States District Court:

    (a) Within 90 days of receipt of the final decision on your complaint if no appeal has been filed;

*Theodore R. Wilson*  1 April 2004

## NOTICE OF RIGHTS (CONTINUED)

(b) After 180 days from the effective date of filing the formal complaint if a final decision has not been issued, and an appeal has not been filed;

(c) Within 90 days of receipt of the EEOC's final decision on an appeal; or

(d) After 180 days from the date of filing an appeal with the EEOC, if there has been no final decision by the EEOC [§1614.408].

### Right to File a Civil Action in Mixed Cases-

If your formal complaint concerns a matter appealable to the Merit Systems Protection Board (MSPB) (i.e., a "mixed case"), you may file a civil action in United States District Court:

(a) Within 30 days of receipt of a final decision by the agency unless an appeal is filed with the MSPB; or

(b) Within 30 days of receipt of notice of the final decision or action taken by the MSPB if you do not file a petition for consideration with the EEOC; or

(c) Within 30 days of receipt of notice that the EEOC concurs with or has determined not to consider the decision of the MSPB; or

(d) If the EEOC issues a decision different from the decision of the MSPB, within 30 days of receipt of the notice that the MSPB concurs in and adopts the decision of the EEOC; or

(e) If the MSPB does not concur in the decision of the EEOC, within 30 days of receipt of notice of the decision of the Special Panel; or

(f) After 120 days from the date of the filing of the formal complaint if there is no final agency action or appeal to the MSPB; or

(g) After 120 days from the date of filing an appeal with the MSPB, if the MSPB has not yet made a decision; or

(h) After 180 days from the date of filing a petition for consideration with the EEOC, if there is no decision by the EEOC, reconsideration decision by the MSPB, or decision by the Special Panel [§1614.310].

_Theodore R. Wilson_ / APRIL 2004

## NOTICE OF RIGHTS (CONTINUED)

### Right to File a Civil Action Under Age Discrimination in Employment Act (ADEA):

- If you believe you have been subjected to prohibited age discrimination, as an alternative to filing a complaint under this part, you may file a civil action in an appropriate U.S. District Court at any time within 180 calendar days of the unlawful discriminatory incident, act, event, decision or personnel action, provided that you give the Equal Employment Opportunity Commission (EEOC) notice of intent to sue at least 30 calendar days in advance of filing suit [§1614.201(a)].

### Right to File a Civil Action Under the Equal Pay Act-

- If you believe you have been subjected to prohibited sex based wage discrimination, you may file a civil action in an appropriate Federal District Court under the Equal Pay Act even though such claims can also be raised under Title VII[1] [§1614.409].

### Right to a Court-Appointed Attorney-

- If you elect to file a civil action under ADEA, Title VII, or the Rehabilitation Act, you may appeal to the U.S. District Court for appointment of an attorney to represent you in the court proceeding. The court may appoint an attorney to represent you and may permit commencement of the civil action without payment of fees, costs or security.

### Use of Complaint Form-

- You may use the individual form to file your employment discrimination complaint. Use of the form is not required. However, you must supply sufficient information to demonstrate that your complaint is acceptable under applicable laws and regulations governing complaint processing in federal agencies [§1614.106(c)].

*Theodore R. Wilson*   1 April 2004

---

[1] Sex-based claims of wage discrimination must also be raised under Title VII; individuals so aggrieved may raise violations of both statutes simultaneously and Equal Pay Act complaints may be processed under §1614. In the alternative, claimant may go directly to court without pursuing an Equal Pay Act claim.

Theodore R. Wilson

23 March 2004

Office of Equal Employment Opportunity
Armed Forces Retirement Home - Washington
3700 North Capitol St. N.W.
Washington, D.C. 20317

My recent employment at AFRH-W was terminated after January 3, 2004.

I am in possession of two documents giving me a reason for my termination which are in direct conflict with each other. The first states that my position is being abolished and the second states that I resigned. I did not resign and whether or not my position was abolished is left to conjecture.

I am requesting that you make a determination as to if I was removed from employment justly.

I am providing you copies of the two documents mentioned above.

Thank you for whatever assistance you can give me.

Theodore R. Wilson

48

# Agreement To Postpone The Final Interview
## Armed Forces Retirement Home

SUBJECT: Agreement to postpone the Final Interview and to extend the Counseling Period for up to an additional 60 days

In accordance with 1614.105(e) of the Equal Employment Opportunity Commission (EEOC) Regulation (29 C.F.R. Part 1614), the undersigned agree to postpone the final interview on the matter(s) upon which EEO Counseling commenced on ___April 1, 2004___.

It is understood that counseling may extend for a period of __60__ days from the date of this Agreement, (not more than 60 days beyond the end of the 30-day period allowed for counseling). If counseling is completed prior to the end of the period stated above, and the matter(s) remains unresolved, a "Notice of the Right To File a Discrimination Complaint" will be provided.

_Theodore R. Wilson_  _Patti Alamo for Cheryl Adams_
Aggrieved Person         EEO Officer

Agreement To Postpone The Final Interview.doc

**Armed Forces Retirement Home**
**Parkersburg, WV 26101-1328**

DATE: May 25, 2004

TO: Theodore R. Wilson
(Person Counseled)

FROM: Patty Iwalani Adams
(EEO Counselor)

SUBJECT: **NOTICE OF RIGHT TO FILE A DISCRIMINATION COMPLAINT UNDER 29 CFR PART 1614**

This is to inform you that because the matter(s) you brought to my attention has/have not been resolved to your satisfaction, you are now entitled to file a discrimination complaint based on race, color, religion, sex, national origin, physical or mental handicap, age, and/or reprisal. If you wish to pursue this matter further, and file a formal complaint of discrimination, it must be in writing, signed, and filed, in person or by mail within **15 CALENDAR DAYS AFTER RECEIPT OF THIS NOTICE.**

You are reminded that the formal complaint must contain a signed statement which is sufficiently precise to describe generally the actions or practices that form the basis of the complaint, and must contain the telephone number and address where you or your representative may be contacted. The complaint must also state whether you have filed a grievance under a negotiated grievance procedure or an appeal to the Merit Systems Protection Board on the same matter(s). Also, only matters raised during the counseling stage may be included in the formal complaint.

In order to expedite the processing of your complaint, please utilize the Department's Individual Complaint Form (TD F 62-03.5 (03/97) which you have been provided. Your complaint must be filed with:

Cheryl D. Adams, Equal Employment Officer
**(Name of Director)**
Bureau of the Public Debt
**(Location of Regional Complaints Center)**
200 3rd St. Room 415
**(Street Address)**
Parkersburg, WV 26106-1328
**City, State and Zip Code)**
(304) 4807853
**Telephone Number**

AFRH Notice Of Right To File A Discrimination Complaint Under 29 CFR Part 1614.doc

1

50

**NOTE: If yours is class complaint of discrimination, your complaint must be filed with:**

---

### IMPORTANT

This notice was delivered on the date indicated to the complainant named above by the following method:

__X__ Faxed       May 25, 2004
                  _____       _____
                  Date Delivered               Complainant's Signature

                                               *Patty JioDani Adams*
                                               _____
                                               EEO Counselor's Signature

---

Copy to: Aggrieved Person
         File

AFRH Notice Of Right To File A Discrimination Complaint Under 29 CFR Part 1614.doc

2

51