UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 2 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THEODORE R. WILSON                    Civil Action No. 06-1585 (HHK)

      Plaintiff,

v.

TIMOTHY COX,
CHIEF OPERATING OFFICER,
ARMED FORCES RETIREMENT
HOME-WASHINGTON, ET et al

      Defendants.

## PLAINTIFF'S COUNTER-STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXIST GENUINE GROUINDS FOR DISPUTE

The Plaintiff, Theodore R. Wilson, denies that the record in this matter supports the specifications of undisputed material facts contained in paragraphs one, nine, ten, thirteen and eighteen of the Defendant Armed Forces Retirement Home-Washington's *Statement of Material facts to which there is No Genuine issue.* In support of these denials, Plaintiff Theodore R. Wilson respectfully submits the following counter-statement of the material facts which are still in dispute in this matter.

    (1) Defendant's alleged material fact #1: Plaintiff asserts that his Amended Complaint includes wrongful termination from employment which is offered in his Amended Complaint as unlawful termination from employment in **par. 23.**

    (2) Defendant's alleged material fact #9: Defendant's wording "At the time…" is not specific and could refer to anytime in Plaintiff's life before arriving at AFRH-W.

1

3. Defendant's alleged material fact #10: Defendant's assertion that the Plaintiff was employed in an Excepted Service status is ambiguous. Whether the Plaintiff was in the Excepted Service with Competitive Service rights has to be determined by the Court. See Plaintiff's exhibit 8, affidavit of Theodore R. Wilson.

4. Defendant's alleged material fact #13: Defendant's claim of resident employee program costing "over a million dollars a year…" is pointedly contradicted by a letter to OPM by Personnel Officer Joan I. Esch in March 1989 which reported the resident employee program as saving (AFRH-W) "500 K per annum." The Plaintiff lost about $2.00 per hour in pay when he converted from civil serviced employee to resident employee because AFRH-W was paying resident employees less per hour than it was paying civil service employees. Defendant has presented no comparison figures to support this very questionable claim. See Plaintiff's exhibit 4 and Plaintiff's exhibit 10, affidavit of Theodore. R. Wilson, par. (2).

(5) Defendant's alleged fact # 18: Plaintiff was removed from employment but Plaintiff's position was (immediately) occupied by a Wage Board Worker, William Jenkins. Consequently Plaintiff's position was not abolished.

>Respectfully submitted.
>
>*Theodore R. Wilson*
>Theodore R. Wilson
>3700 North Capitol Street, #128
>Washington, D. C. 20011-8400
>Phone (202) 291-5968
>Plaintiff pro se