UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 2 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THEODORE R. WILSON,

    Plaintiff,

v.   Civil Action No. 06-1585 (HHK)

TIMOTHY COX,
CHIEF OPERATING OFFICER
ARMED FORCES RETIREMENT
HOME-WASHINGON, et al

    Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

    Plaintiff pro se, Theodore R. Wilson, respectfully move this court to deny Defendant's motion to dismiss or, in the alternative for summary judgment. Defendant seems to be resorting to frivolous claims to which the answer has previously been provided. Plaintiff is responding to Defendant's statement that all allegations must be denied or might be accepted as factual. Plaintiff pro se presents documents and the issues to which there is no genuine dispute, and, pursuant to Fed. R. P. 15(b) based on Plaintiff's previous promissory estoppel pleading. Defendant failed to respond to Plaintiff's estoppel pleading.

### COURT'S JURISDICTION

    Jurisdiction is conferred upon this **district court** pursuant to 28 U.S.C. and 5 U.S.C. par. 7703.

RECEIVED
APR 2 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Federal Question. The district courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. par. 1331

**42 U.S.C. 2000e5(f)(3).** Each United States District Court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. ...

Plaintiff pro se has previously stated several claims upon which relief can be granted:

(1) Age Discrimination in employment.

(2) Prohibited Personnel Practices.

(3) Wrongfully Termination of Employment.

(4) Affirmative Misconduct.

(5) Promissory Estoppel

These charges have been made by the Plaintiff pro se throughout this process and are restated above.

<u>PLAINTIFF'S WRONGFUL TERMINATION FROM EMPLOYMENT</u>

The Agency did not conduct a RIF because RIF procedures were not followed. AFRH-W personnel officer Sherba Essex stated that the Defendant did not conduct a RIF. **See Plaintiff,s exhibit 10, page 1.** Defendant's claim of having conducted a RIF is false.

The Defendant has emphasized that residents were removed from employment without any reference to their position. Regarding the AFRH-W residents removal from employment, it was not positions that were abolished, it was people—the residents. RIF law and federal regulations provide for the abolishment of positions, not people. Three SF50s regarding Plaintiff's removal from employment are in evidence. One dated February 2, 2004 states that the Plaintiff resigned and another dated May 18, 2004 states

that the legal authority for removing the Plaintiff is "Position Abolished by Appr of COO." **See Defendant's Exhibit C, page 1, item 5-D**. Plaintiff did not resign and the COO is not a legal authority. Plaintiff request the Court to determine if the Plaintiff has been properly removed from employment.

> It is emphatically the province and duty of the Judicial department to say what the law is. Marbury v. Madison, 5 U. S. (Cranch) 137 (1803).

If the Plaintiff was improperly removed from employment, the Plaintiff pro se respectfully request the Court to render due process to the Plaintiff under the V Amendment of the Constitution of the United states of America.

Respectfully Submitted,

Theodore R. Wilson
3700 North Capitol St. NW, #128
Washington, D. C. 20011-8400
Phone: (202) 291-5968
Plaintiff pro se