UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE R. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1585 (HHK) |
| ) | |
| TIMOTHY COX, ) | |
| CHIEF OPERATING OFFICER, ) | |
| ARMED FORCES RETIREMENT ) | |
| HOME-WASHINGTON, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NOT GENUINE DISPUTE**

Pursuant to Local Rules 7(h) and 56.1, Defendants submit the following Response to Plaintiff's Statement of Material Facts as to Which There is No Genuine Dispute. ("Plaintiff's Statement"). As detailed in Defendants Motion to Dismiss or, in the Alternative, for Summary Judgment, dismissal or summary judgment is appropriate in the case because no *material* facts are *genuinely* disputed. Defendants do not, however, agree with all the assertions contained in the plaintiff's statement of facts, or that all such assertions are material to the resolution of the case. In particular, Defendants do not agree with Plaintiff's arguments and conclusions of law (including arguments and legal conclusions presented as facts, except to the extent that they are actually supported by the facts of record or facts that are appropriate subjects of judicial notice.) Nevertheless, Defendants believe that none of the parties' disagreements involve a genuine dispute of *material* fact, and that the issues presented by the case may and should be resolved as a matter of law. See Fed. R. Civ. P. 56(c).

Subject to the foregoing, Defendants hereby respond to Plaintiff's numbered statement of material facts as follows:

1. Undisputed.

2. Defendant admits this paragraph to the extent that Plaintiff moved his residence to the Armed Forces Retirement Home (the "Home") in or about November, 2002 and that there existed at that time a Resident Employee Program which allowed residents to be employed by the Home.

3. This paragraph is admitted to the extent that, in or about November 2002, brochures given to residents or prospective residents described the Resident Employee Program as it existed at the time. However, Defendants deny that Plaintiff was ever promised or that any statement was made in such a brochure that ever promised Plaintiff employment at the Home in perpetuity. Defendants submit that the brochure speaks for itself. See Pltf's Amended Complaint, Exhibit 5.

4. It is undisputed that Plaintiff moved into the Home in or about December 2002. It is also undisputed that Plaintiff was a full time employee of the Home participating in the Resident Employee Program as it existed at the time. Defendants deny that any promise was made to Plaintiff regarding the duration of his employment. Defendants submit that the brochure speaks for itself. See id.

5. Defendants submit that Plaintiff's Standard Form 50 ("SF-50"), dated December 1, 2002, which documents his conversion from Competitive Service to the Excepted Service Resident Employee Program indicates that Plaintiff's annual salary was $26,192.00 as a GS-0085-05, step 2 prior to conversion and was paid $11.79 per hour as an AD-0085, Grade 10, step 5, and that this document speaks for itself.

6. This paragraph is undisputed.

7. Defendants admit that Plaintiff was given oral notification of the abolishment of the Resident Employment Program prior to being given written notification in or about November 2003. See Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment ("Defendants' Motion"), Exhibit F.

8. This paragraph is undisputed.

9. This paragraph is undisputed.

10. Defendants submit that the Affidavit of William Waninger speaks for itself.

11. Defendants admit this paragraph to the extent that the Agency did not inform Plaintiff of his right to file an appeal with the Merit Systems Protection Board.

12. It is undisputed that Plaintiff initially was issued an SF-50 which indicated that he resigned his position. However, Defendants aver that Plaintiff was issued a corrected SF-50 which indicated that Plaintiff had been terminated. See id., Exhibit C. Plaintiff refers to this corrected SF-50 as the SF-50 issued in May 2004.

13. Defendants do not dispute that Plaintiff may have been asked if he wished to participate in the stipend program. However, Defendants lack sufficient knowledge or information to form a belief as to the nature of an alleged conversation between Plaintiff and Kevin McCombs.

14. This paragraph is denied. Shortly after Timothy Cox arrived at the Home, he ordered that all gates but one be closed, and access to the Home's grounds be limited to one gate. See id., Exhibit A at pp. 24-25.

15. Defendants admit this paragraph to the extent that Plaintiff was informed of his right to file an EEO complaint and of the appropriate contact office.

16. This paragraph is undisputed.

17. It is undisputed that in or about June 2006, Administrative Judge Katherine Brown issued a decision on Plaintiff's EEO complaint finding no discrimination.

18. This paragraph is undisputed.

19. This paragraph is undisputed.

20. This paragraph is denied. The Agency discussed settlement of Plaintiff's case at all stages of the administrative process. The Parties were unable to reach agreement.

21. This paragraph is undisputed.

22. This paragraph is undisputed.

23. This paragraph is denied. The Resident Employee Program was abolished which included all resident employee positions. See id. at pp. 14-23.

24. This paragraph is denied to the extent that the contract program and the Resident Employee Program are not equivalent programs for comparison purposes. See id. at pp. 16-20, 22-23.

25. This paragraph is undisputed. However, Defendant avers that it is not required to submit comparison figures.

Respectfully submitted,

/s/
JEFFERY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.   20530
202-514-6531

Of Counsel:
Therese Roy Epstein
Attorney Advisor
Department of the Navy
1301 South Gate Road
Arlington, Virginia  22203

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of June, 2008, I caused the foregoing to be served, via first class mail, postage prepaid, to plaintiff *pro se* as follows:

Theodore R. Wilson
3700 North Capitol Street, N.W., #128
Washington, D.C. 20011-8400

    /s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney